Philadelphia Federation of Teachers, Local No. 3, AFT, AFL-CIO et al., Petitioners *v.* Board of Education of the School District of Philadelphia et al., Respondents. Dennis L. Moritz, Intervening Party Petitioner.

Argued April 9, 1980, before President Judge CRUMLISH and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Leonard M. Sagot,* with him *Randall J. Sommovilla,* and of counsel, *Sagot & Jennings,* for petitioners.

*Linda J. Wells,* Assistant Attorney General, for Department of Education, respondent.

*Vincent J. Salandria,* with him *Eugene F. Brazil,* for Board of Education of the School District of Philadelphia, respondent.

*Barry E. Bressler,* with him *Herbert M. Linsenberg* and *Rachelle L. Kaiserman,* and of counsel, *Meltzer & Schiffrin,* for intervening petitioner.

OPINION BY JUDGE CRAIG, May 12, 1980:

Petitioner Philadelphia Federation of Teachers (Federation), by way of petition for review, brings this original action seeking declaratory judgment with respect to the effectiveness of an agreement intended to resolve the seniority status of personnel in the Get Set and Head Start programs operated by the Philadelphia School District (School District).

Get set is conducted with federal funds provided by the United States Department of Health, Education and Welfare (HEW) through the Pennsylvania Department of Public Welfare (DPW). Get Set is essentially a day-care program, with a minimal educational component for children of families below a certain economic level.

Head Start is also federally-funded, with funding provided from HEW through the Philadelphia Allied Action Committee (PAAC), which is the federally designated Head Start agency for Philadelphia. Head Start is a pre-kindergarten program with an extensive educational element as required by federal regulation. It is available only to children from poverty level families residing in the School District.

Both the Head Start program and the educational components of the Get Set program have been in operation in the School District for a number of years. Historically, teachers employed by the School District in those two programs were never required to have teaching certifications as a condition of employment. Until June, 1977, when the School District laid off thousands of teachers, such employees were never informed by the School District that their job retention rights or other conditions of employment would be conditioned upon possession of a teacher certification.

In June of 1977, the School District laid off non-certified teachers in the Head Start program, and in

June of 1978 teachers in the educational component of the Get Set program were laid off.

In neither instance was the number of teaching positions in either program reduced. Nor was there any curtailment in the federal funding of the two programs. Rather, in each instance, those employees were laid off because they were "bumped" by teachers from the School District's regular elementary school programs who possessed early childhood education certifications, but who in most cases had less seniority as School District employees than the Get Set and Head Start teachers they replaced.

After the suspension of the Head Start teachers, the Federation filed grievances against the School Board contending that the suspensions were improper. In settlement of those grievances, the Federation and the School District entered into an agreement on January 31, 1978, and amended that agreement on June 21, 1978 (following the similar suspensions of Get Set teachers) with respect to the suspensions.

The agreements provided, in substance, as follows:

1. Seniority lists of all certified and non-certified Head Start and Get Set teachers would be established for each program and such lists would be used for purposes of lay-offs.

2. Head Start and Get Set teachers who did not possess teacher certification would enroll in approved teacher internship programs and obtain permanent certifications within three years of the date of the agreement.

The settlement agreement and its amendment did not go into effect because they were conditioned upon approval of the Department of Education, which has not been given. Primarily, we are asked to determine the legal effect of the agreement and amendment.

The pivotal question is whether or not Get Set and Head Start are "public school" programs under the

Pennsylvania school laws and therefore subject to the teacher certification requirements administered under the jurisdiction of the Pennsylvania Department of Education.[1] We hold that they are not.

The organization of our public school system is controlled by the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 *et seq.* (School Code). The purpose of the School Code is to establish a thorough and efficient system of public education, to which every child has a right. *Danson v. Casey,* 33 Pa. Commonwealth Ct. 614, 382 A.2d 1238 (1978). The general right to an education is statutorily set forth in Section 1301 of the School Code, 24 P.S. §13-1301:

> Every child, being a resident of any school district, between the ages of six (6) and twenty-one (21) years, may attend the public schools in his district subject to the provisions of this act.

Under the School Code, it is clear that certification is required if the program is in the "public school."[2]

We hold that the Get Set program is not within the provisions of the School Code as a public school program because it is not an educational program. As

---

[1] By Section 1 of the Act of 1969, July 23, P.L. 181, 71 P.S. §1037, the legislature transferred the duty of administrating all the laws of this Commonwealth with regard to the establishment, maintenance and conduct of the public schools from the Department of Public Instruction to the State Department of Education.

[2] Section 1201 of the Code, 24 P.S. §12-1201 provides in pertinent part as follows:

> Only those persons holding one of the folowing certificates shall be qualified to teach in the public schools of this Commonwealth—(1) Permanent college certificate, (2) provisional college certificate, (3) normal school diploma, (4) normal school certificate, (5) special permanent certificate, (6) special temporary certificate, (7) permanent State certificate, (8) certificates which are permanent licenses to teach by virtue of the provisions of section

stated earlier, it is a day care service for children of families below a certain economic level.

Although Head Start is an educational program, it is not a public school program because it is not open to all school age children within a school district. Instead, only children from poverty level families are eligible to attend. Other families cannot elect to send their children to Head Start, nor are there comparable public school programs available to all children in the School District.

We agree with the reasoning of District Court Judge LUONGO in *Weber v. School District of Philadelphia,* 465 F. Supp. 1371 (E.D. Pa. 1979), wherein he stated that federally-funded Head Start programs limited to preschool children prima facie are not public school programs, but are federal programs administered by HEW through two designated state agencies, neither of which is the Pennsylvania Department of Education.

---

one thousand three hundred eight of the act, approved the eighteenth day of May, one thousand nine hundred eleven (Pamphlet Laws 309), as amended, which is repealed hereby, or (9) such other kinds of certificates as are issued under the standards prescribed by the State Board of Education.

The following section of the School Code, 24 P.S. §12-1202, reiterates this certification requirement as follows:

State certificates shall be issued as herein provided. Each such certificate shall set forth the branches which its holder is entitled to teach. No teacher shall teach, in any public school any branch which he has not been properly certificated to teach.

Finally §1252 of the School Code, 24 P.S. §12-1252, provides that:

No person shall teach in a public school in the Commonwealth unless he has met the certification requirements as established by the State Board of Education which are applicable to the institution where he is employed.

Therefore, our conclusion is that Get Set and Head Start programs are not under the certification requirements of the Public School Code.[3]

That conclusion is not affected by *Department of Education v. Jersey Shore Area School District,* 481 Pa. 356, 392 A.2d 1331 (1978), holding that a teacher in a federally-funded remedial reading program was a professional employee within the school district; in that case, the remedial reading program was clearly within the regular elementary school curriculum and therefore was an educational program open to all pupils. Also distinguishable is *Fiorenza v. Chichester School District,* 28 Pa. Commonwealth Ct. 134, 367 A.2d 808 (1977), where the status of professional employee within the school district depended only on whether 50 percent or more of working time was devoted to educational activities.

The final question we must answer is whether or not the January 31, 1978 settlement agreement and the June 21, 1978 amendment are effective and binding on the parties. We hold that they are.

Although the parties conditioned the agreement upon an occurrence which never took place, the parties have agreed to be bound by the agreement and its amendment if the court finds them legal in all other respects.

The Department of Education contends that the agreements violate Section 703 of the Public Employees Relations Act of 1970, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.703. Specifically, the Department of Education argues that the agreement would permit Get Set and Head Start noncerti-

---

[3] Contrary to positions expressed in at least some of the briefs, when this case came before us on oral argument, counsel indicated that the parties had come to agree with this conclusion, which we have found to be supported independently by our study of the record and the law.

fied teachers, after becoming certified, to bump professional employees in the regular school system, thereby diminishing the rights of professional employees under the School Code. We disagree.

We read the agreements as clearly establishing that in each program there will be a separate single seniority for the certified and noncertified teachers who will be suspended or recalled in the order of their seniority in only their own programs. Nowhere in the agreement does it appear that noncertified teachers have the right to bump professional employees in the regular school system. Therefore, we hold the agreements to be valid and binding and will issue the declaratory relief requested.

Judge WILLIAMS, JR. dissents.

ORDER

Now, this 12th day of May, 1980, it is hereby ordered and declared that:

1. The January 31, 1978 Agreement between Petitioner Union and Respondent School District, and the June 21, 1978 Addendum to that Agreement are proper and valid under the laws of the Commonwealth of Pennsylvania; and

2. Teachers in the School District's Get Set and Head Start programs are not subject to the Pennsylvania Public School Code of 1949 and, therefore, within those two programs, are not subject to certification requirements and are not required to be suspended or laid off before the suspension or layoff of certified elementary school teachers; and

3. Teachers in the School District's Head Start and Get Set programs, who were not informed before their employment with the School Board that certification as an early childhood elementary school teacher was a necessary condition of employment, may not be laid off or suspended as result of lack of certifica-

tion until such time as those employees have had the opportunity to obtain such certification through educational or internship programs within three years as provided in the Agreement.