466 A.2d 616

BABCOCK SCHOOL DISTRICT, Appellant,

v.

James Edward POTOCKI and Diane Linda Potocki, individually and as parents and natural guardians of Timothy James Potocki.

Supreme Court of Pennsylvania.

Argued Sept. 15, 1983.

Decided Oct. 19, 1983.

Reargument Denied Dec. 5, 1983.

350

Lee A. Donaldson, Jr., Donaldson & Donaldson, Glenshaw, Pa., for appellant.

John R. Orie, Jr., Orie & Zivic, Pittsburgh, for appellee.

Michael Levin, Blue Bell, amicus curiae Pa. School Bd. Ass'n.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

ROBERTS, Chief Justice.

Appellant Babcock School District seeks to open a peremptory judgment in mandamus entered by the Court of Common Pleas of Allegheny County directing appellant to transport appellee Timothy Potocki to a public school located outside appellant's boundaries. Because the Public School Code does not impose upon a school district any duty to transport a resident pupil to a public school outside the

district's boundaries, we reverse the order of the Commonwealth Court and direct that appellee's complaint in mandamus be dismissed.

Timothy Potocki and his parents, James Edward Potocki and Diane Linda Potocki, reside within the boundaries of the Babcock School District. The Potockis enrolled their son in Ingomar Middle School, a public school which is located in the North Allegheny School District, and agreed to pay North Allegheny a tuition of $1,800 per year for Timothy's education. As to the transportation of Timothy to Ingomar, North Allegheny school officials informed the Potockis that they should seek transportation for their son from Babcock School District, the school district in which they reside. The Potockis then requested Babcock to transport their son to Ingomar at Babcock's expense. That request was refused and the present action was commenced.

The transportation of pupils by school districts is governed by Section 1361 of the Public School Code, Act of March 10, 1949, P.L. 30, as amended, Act of December 29, 1972, P.L. 1726 (Act 372), 24 P.S. § 13-1361 (Supp.1983–84), which, in relevant part, states:

"The board of school directors in any school district may, out of the funds of the district, provide for the free transportation of any resident pupil to and from the kindergarten, elementary school, or secondary school in which he is lawfully enrolled, provided that such school is not operated for profit and is located within the district boundaries or outside the district boundaries at a distance not exceeding ten miles by the nearest public highway .... When provision is made by a board of school directors for the transportation of public school pupils to and from such schools ... the board of school directors shall also make identical provision for the free transportation of pupils who regularly attend nonpublic kindergarten, elementary and high schools not operated for profit to and from such schools ...."

We agree with appellant that while Section 1361 was designed to ensure the adequate transportation of resident pupils attending non-public schools once a district has determined to transport public school children, see *Springfield School District v. Department of Education,* 483 Pa. 539, 397 A.2d 1154 (1979), that section does not mandate that pupils be transported to public schools outside the school district. In relevant part the plain language of Section 1361 provides only that "[t]he board of school directors . . . *may* . . . provide for the free transportation of any resident pupil. . . .," not that it must do so. As this Court has observed, "[t]he Act . . . does not require a school district to provide any free transportation at all to any pupils." *Roberts v. School District of Scranton,* 462 Pa. 464, 470, 341 A.2d 475, 479 (1975).*

■ Because the Potockis have elected to enroll their son in a public school outside the boundaries of the Babcock School District, and the school district has exercised its statutory discretion not to transport resident students, it is incumbent upon the Potockis, and not the Babcock School District, to provide their son with transportation to that school. Babcock is a provider of educational services to its resident pupils, not a provider of free transportation services to resident pupils whose parents have elected to enroll their children in a public school in another school district.

Order of the Commonwealth Court reversed and record remanded to the court of common pleas with the direction that the complaint in mandamus be dismissed.

* In affirming the entry of the peremptory judgment, the Commonwealth Court relied upon *Springfield,* supra, to hold that "Section 1361 of the Public School Code requires school districts which provide any free transportation to resident pupils to provide it to all such pupils attending public or private schools located within the district or a ten-mile radius thereof." *Babcock v. Potocki,* 71 Pa. Cmwlth. 504, 508, 455 A.2d 273, 275 (1983) (footnotes omitted). The Commonwealth Court's reliance on *Springfield* was misplaced, as that case concerned only the transportation of resident pupils to non-public schools, not, as here, transportation of a resident pupil to a public school outside a district's boundaries.