Connie Haibach, Appellant *v.* Northwest Tri-County Intermediate Unit No. 5, Appellee.

Argued October 5, 1983, before Judges WILLIAMS, JR., MACPHAIL and BLATT, sitting as a panel of three.

*George Levin, Shamp, Levin, Arduini, Jenks & Hain,* for appellant.

*Donald C. Buseck,* with him *Bruce L. Getsinger,* for appellee.

OPINION BY JUDGE BLATT, February 22, 1984:

Connie Haibach (plaintiff) appeals here an order of the Court of Common Pleas of Erie County which granted a motion for summary judgment in favor of Northwest Tri-County Intermediate Unit No. 5 (Intermediate Unit).

The plaintiff was hired by the Intermediate Unit on August 17, 1978 and assigned to teach pre-school, special education classes on a part-time basis. She received an Emergency Certificate from the Department of Education[1] in September, issued for the field of "Mental and/or Physical Handicapped" teaching. She worked the 1978-79 school year under this certificate and she completed the requirements for an Instructional I (provisional) Certificate in special education in October, 1979. In the 1979-80 school year, as in 1978-79, she worked on a part-time basis. In 1980-81, the Intermediate Unit hired her to teach the same classes as before, but this time on a full-time basis. She was not offered a professional employe contract, however, and, in an effort to seek relief, she filed a complaint in mandamus asserting her right to such contract. The trial court granted summary judgment in favor of the Intermediate Unit, stating in its opinion that the pre-school program in which the plaintiff taught is not covered by the Public School Code, and that she, therefore, was not entitled to use her previous two years in the pre-school program for the purpose of attaining regular status under Section 1108 of the Code, 24 P.S. §11-1108.[2] The instant appeal followed.

The plaintiff argues first that the trial judge erred as a matter of law in concluding that her pre-school teaching is not covered by the Code. The trial court

---

[1] The authority for the issuance of such a certificate is found in Section 1201 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §12-1201.

[2] The plaintiff's contention that this time was to be credited under Section 1108 of the Code is, of course, contingent upon the plaintiff being able to establish herself as a "temporary prefessional employe". We will assume, only for the specific, limited procedural posture of this case (appeal from entry of summary judgment)

noted that there was "no mention . . . in the Public School Code concerning the availability of tenure rights to other pre-school instructors" and after "[c]onsidering the lack of mention of such programs in the Code" in connection with this Court's decision in *Philadelphia Federation of Teachers v. Board of Education of the School District of Philadelphia,* 51 Pa. Commonwealth Ct. 296, 414 A.2d 424 (1980), it held that the plaintiff's time in the pre-school program could not be so credited.

The plaintiff cites to several sections of the Code, including Section 1925, which provides that school boards may admit students who are less than school age (6 years)[3] to suitable special schools or departments. It appears that the program in which the plaintiff taught was provided for under this statute[4] for it is clear that the program was administered by the Intermediate Unit under the auspices of the Department of Education, and not some other governmental agency.[5] Moreover, and perhaps even more persuasive, the plaintiff cites to 22 Pa. Code §49.85, which specifically allows for instructional certificates in the following areas:

that the plaintiff could prove, at a later date, that she is a "temporary professional employe" under Section 1101(3) of the Code, 24 P.S. §11-1101(3). The narrow issue remains: whether or not time spent teaching in a pre-school program is sufficient so as to trigger both the substantive and procedural mechanisms which govern public school teachers in this Commonwealth.

[3] The general rule relating to the age limits on school children found in Section 1301 of the Code, 24 P.S. §13-1301 and states that children "between the ages of six (6) and twenty-one (21) years, may attend the public schools . . . .".

[4] Authority is also found in Section 502 of the Code, 24 P.S. §5-502. That section provides that school officials may establish, equip, furnish and maintain additional schools including, *inter alia,* schools for the physically and mentally handicapped.

[5] *Cf. Philadelphia Federation of Teachers.*

(1) *Early childhood* (*nursery,* kindergarten, grades one to three).

(2) Elementary (kindergarten, grades one to six).

(3) Secondary (grades seven to 12).

(4) Specialized areas (kindergarten to grade 12). (Emphasis added.)

This regulation, which has the force and effect of law, *Herdelin v. Greenburg,* 16 Pa. Commonwealth Ct. 405, 328 A.2d 552 (1974), supports the plaintiff's contention that teachers in pre-school programs, administered by intermediate units, are subject to certification requirements and thus, are also subject to the other provisions of the Code.

Our decision in *Philadelphia Federation of Teachers* is not to the contrary. That case involved a labor dispute relating to whether or not the school district could "bump" non-certified instructors from federally-funded Head Start and Get Set programs and replace them with regular elementary school employees of the school district who possessed certifications in early childhood education. We approved a settlement there which provided for the establishment of seniority lists of both certified and non-certified instructors which would hereinafter cover lay-offs in the respective programs, and the controlling factor there was that the school district could employ non-certified individuals in these programs. We stated there that Get Set "is not an educational program", *id.* at 300, 414 A.2d at 426, and with regard to Head Start, we held:

Although Head Start is an educational program, it is not a public school program because it is not open to all school age children within a school district. Instead, only children from

poverty level families are eligible to attend. Other families cannot elect to send their children to Head Start, nor are there comparable public school programs available to all children in the School District.

*Id.* at 301, 414 A.2d at 426-27.

The Head Start program above concerned is not open to certain students whose family incomes exceed the poverty level, but the program here concerned is open to all children in the intermediate unit who require special education. And, while, we will not analogize the economic consideration involved in Head Start with the educational considerations involved in placing a child in a special pre-school program administered by an intermediate unit, we must note that the pre-school program here is an educational program, and, moreover, unlike Get Set or Head Start,[6] it is administered by the Intermediate Unit and the Department of Education. We do not believe that *Philadelphia Federation of Teachers* stands for the broad proposition which the Intermediate Unit urges. The mere fact that the plaintiff taught in a pre-school environment does not automatically deny her the protection of the Code.

We will reverse the order of the trial court and remand the case thereto with a direction that the court will determine *inter alia* whether the plaintiff was a substitute teacher or a temporary professional employe as defined in Section 1101(3) of the Code, 24 P.S. §11-1101(3). This issue and the other issues raised in the briefs, but not here discussed, involve material, factual questions which this Court, as an appellate body, is not empowered to determine.

---

[6] These programs were conducted through the Department of Public Welfare (Get Set) and the Philadelphia Allied Action Committee (federally designated agency for Head Start in Philadelphia).

388

ORDER

AND Now, this 22nd day of February, 1984, the order of the Court of Common Pleas of Erie County in the above-captioned matter is hereby reversed, and the matter is remanded to said court for further proceedings not inconsistent with this opinion.

Jurisdiction relinquished.