Verna Arnold, Appellant *v.* Board of School Directors of The School District of Pittsburgh, Appellee.

Linda J. Womack, Appellant *v.* Board of School Directors of The School District of Pittsburgh, Appellee.

Argued October 3, 1983, before President Judge CRUMLISH, JR., and Judges BARRY and BARBIERI, sitting as a panel of three.

*Eugene A. Lincoln,* for appellants.

*Persifor S. Oliver, Jr.,* Assistant Solicitor, with him *Robert J. Stefanko,* Solicitor, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 12, 1984:

Verna Arnold and Linda Womack, teachers for the Pittsburgh School District's Head Start program, ap-

peal Allegheny County Common Pleas Court orders affirming the Board of School Directors of the School District of Pittsburgh's decisions to furlough them. We affirm.[1]

In accordance with the teachers' collective bargaining agreement, Arnold and Womack were laid off due to the decline in pupil enrollment. Participation in the Head Start program, however, had not declined. Each is certified in early childhood education and had taught for two "school terms" as that term is defined by Section 102(3) of the Public School Code of 1949 (Code),[2] but had not been employed for two calendar years at the time of furlough[3]. Some non-certified teachers for the Head Start program who had been employed longer by the school district were retained.

Arnold and Womack first argue that the School Board should have designated them permanent professional employees as defined in Section 1108 of the Code.[4] They contend that this designation would have entitled them to the seniority rights granted by Section 1125.1 of the Code.[5] Those rights, however,

---

[1] Our scope of review is limited to that set by Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b). *See also Porter v. Board of School Directors of Clairton School District*, 67 Pa. Commonwealth Ct. 147, 445 A.2d 1386 (1982). Thus, we must determine whether there was a violation of constitutional rights, an error of law or a lack of substantial evidence.

[2] School term is defined as

the period of time elapsing between the opening of the public schools in the fall of one year and the closing of the public schools in the spring of the following year.

Section 102(3) of the Act of March 10, 1949, P. L. 30 *as amended*, 24 P.S. §1-102(3).

[3] Appellants were hired November 6, 1979, and furloughed by letter dated July 17, 1981, effective July 22, 1981.

[4] 24 P.S. §11-1108.

[5] 24 P.S. §11-1125.1. This section of the Code provides for seniority to accrue to "[p]rofessional employees . . . within the school entity of current employment."

have been replaced by Article 29[6] of the collective bargaining agreement which had been negotiated by their collective bargaining agent and the school board in accordance with the Public Employe Relations Act (PERA).[7] Subsection (e) of Section 1125.1 of the Code recognizes such a possibility by providing that nothing contained in the preceding subsection relating to seniority "shall be construed to supersede or to preempt any provisions of a collective bargaining agreement negotiated by a school entity and an exclusive representative of the employes in accordance with [PERA]." In this context, therefore, the designation of professional employee is irrelevant since it is not a factor in the seniority system created by the collective bargaining agreement.

Arnold and Womack also assert that the School Board mistakenly utilized in the Head Start program non-certified instructors and instructors certified in other than early childhood education when properly certified teachers were furloughed. We have previously held that Head Start programs are not subject to Code certification requirements. *Philadelphia Federation of Teachers v. Board of Education*, 51 Pa. Commonwealth Ct. 296, 414 A.2d 424 (1980). The School Board, therefore, did not need to consider certification when it applied the negotiated seniority system.[8]

---

[6]Article 29 of the collective bargaining agreement provides for "System-wide Seniority and Layoff-Recall Provisions." System-wide seniority is defined as "consecutive time as a regular teacher, other professional employee, or other promoted employee since most recent date of hire, including any time spent on Board-approved leave(s) of absence but not including time employed in a full-time substitute status."

[7] Act of July 23, 1970, P.L. 563, 43 P.S. §§1101.101—2301.

[8] Arnold and Womack also assert that the denial of tenure to Head Start teachers is a violation of the equal protection clause of

We hold therefore that the School Board was correct in its determination that the furloughs of Arnold and Womack were proper.

Affirmed.

### ORDER IN 1945 C.D. 1982

The order of the Court of Common Pleas of Allegheny County dated July 8, 1982, is affirmed.

### ORDER IN 524 C.D. 1983

The order of the Court of Common Pleas of Allegheny County dated January 28, 1983, is affirmed.

---

the fourteenth amendment of the United States Constitution. This is without merit since tenure is not a consideration in the negotiated seniority system.