Unionville-Chadds Ford School District, Appellant *v.* Cornelius A. Rotteveel, Parent and natural guardian of Cornelius Rotteveel, a minor, Appellee.

Argued December 10, 1984, before Judges WIL-LIAMS, JR. and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Robert S. Gawthrop, Jr., Gawthrop, Greenwood & Halsted,* for appellant.

*Francis P. Connors,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., February 4, 1985:

The Unionville-Chadds Ford School District (School District) appeals from the order of the Court of Common Pleas of Delaware County granting the request of Cornelius A. Rotteveel (appellee) and his son (minor appellee) to preliminarily enjoin the School District to provide free bus transportation to the kindergarten which the minor appellee attended in the 1983-84 school year.[1]

---

[1] Even though the 1983-84 school year has ended, we will not dismiss this appeal as moot. We are satisfied that the issue here involved is of important public interest of a recurring nature which

The facts as found by the trial court, which the parties[2] do not materially dispute, reveal that appellee and minor appellee are residents of Delaware County and of the School District. The father enrolled his son in St. Patrick's School kindergarten[3] for the school year which began in September, 1983 because the minor appellee met the age requirements of that institution, attainment of five years of age on or before January 31 of the school year. Prior to the minor appellee's enrollment at St. Patrick's, the School District altered its kindergarten age requirement from attainment of age five on or before January 31 to attainment of that age on or before November 15. The minor appellee's fifth birthday was November 20, 1983.

The School District in the past has provided free bus transportation to its residents who were kindergarten and elementary school pupils at St. Patrick's and was doing so in September, 1983. Nonetheless, the School District refused to provide such transportation to the minor appellee on the ground that it was not obligated to do so because he did not meet the age requirement for attendance at its kindergartens.

It is a general rule that, where a preliminary injunction has been granted, the scope of appellate review is limited to examining the record to determine if there were "any apparently rea-

---

is capable of repeatedly avoiding review. *Goldsmith v. Lower Moreland School District*, 75 Pa. Commonwealth Ct. 288, 461 A.2d 1341 (1983).

[2] The brief of the Pennsylvania School Boards Association, which has been granted amicus curiae status in this appeal, merely adopted the School District's statement of the case.

[3] St. Patrick's School is located in Kennett Square, PA, less than ten miles outside of the School District by the nearest public highway and is not operated for profit. The minor appellee's enrollment therein is lawful in all respects.

sonable grounds'' for the action of the court below. Only if it is plain that *no* grounds exist to support the decree, or that the rule of law relied upon was palpably erroneous or misapplied, will the decision be interfered with.

In sum, a decree granting a preliminary injunction will not be interfered with on appellate review in the absence of a plain abuse of discretion by the court below. Moreover, in the exercise of such review, an appellate court will not inquire into the merits of the underlying controversy.

However, it is also well established that, for a preliminary injunction to be sustained, the plaintiff's right to relief must be clear, the need for relief must be immediate, and the injury must be irreparable if the injunction is not granted. (Emphasis in original.) (Citations omitted.)

*City of Scranton v. Baiderman,* 74 Pa. Commonwealth Ct. 367, 373-74, 460 A.2d 1199, 1203 (1983). It is also true that mandatory preliminary injunctions, such as the appealed order here, should be more sparingly issued than those prohibitory in nature. *Roberts v. Board of Directors of the School District of the City of Scranton,* 462 Pa. 464, 341 A.2d 475 (1975). Furthermore, we recognize that the courts should not attempt to function as super school boards when dealing with matters of school policy and generally should not interfere with the discretionary exercise of a school board's power. *Zebra v. School District of the City of Pittsburgh,* 449 Pa. 432, 296 A.2d 748 (1972). However, a mandatory preliminary injunction interfering with that discretion is appropriate where the action or inaction complained of is based, *inter alia,* on a misconception of the law. *Roberts.*

Accordingly, we must examine the legal basis of the School District's refusal to transport the minor appellee to St. Patrick's kindergarten.

Section 1361(1) of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §13-1361(1), provides in pertinent part:

> The board of school directors in any school district may, out of the funds of the district, provide for the free transportation of any *resident pupil* to and from the kindergarten, elementary school, or secondary school in which he is lawfully enrolled, provided that such school is not operated for profit and is located within the district boundaries or outside the district boundaries at a distance not exceeding ten miles by the nearest public highway. . . . When provision is made by a board of school directors for the transportation of public school pupils to and from such schools . . . the board of school directors *shall* also make identical provision for the free transportation of pupils who regularly attend nonpublic kindergarten, elementary and high schools not operated for profit to and from such schools. . . . The board of school directors shall provide such transportation whenever so required by any of the provisions of this act or of any other Act of Assembly. (Emphasis added.)

Although the School District does not contest the minor appellee's residency within the district or the legality of his enrollment in St. Patrick's kindergarten, it, nevertheless, contends that due to his date of birth he cannot meet the age requirement for admission to *its* kindergartens for the 1983-84 school year, hence, he is not a *resident pupil* for the purposes of Section 1361(1).

Initially we note that neither the parties nor amicus cite authority for their respective positions which is directly on point here, nor has our research revealed a legal definition of the term, resident pupil, in the Code or in the appellate case law thereunder.[4] Having no direct precedent and believing that the term, resident pupil, is susceptible to various interpretations, we must turn to the applicable rules of statutory construction for guidance in ascertaining and effectuating the legislative intent. Section 1921 of the Statutory Construction Act of 1972 (Act), 1 Pa. C. S. §1921; *Allstate Insurance Company v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980). Other than technical words and phrases, all of the words and phrases used in any legislation are to be construed according to their common meaning and accepted usage. 1 Pa. C. S. §1903; *Allstate Insurance Company.* Also, the practical results of a peculiar interpretation may be considered, 1 Pa. C. S. §1921, and we must presume that the legislature did not intend a result which is absurd or unreasonable, 1 Pa. C. S. §1922. *Lehigh Valley Co-Operative Farmers v. Bureau of Employment Security*, 498 Pa. 521, 447 A.2d 948 (1982).

Our reading of Section 1361(1) under these principles convinces us that the legislature intended the term, resident pupil, to mean simply any lawfully enrolled student of a public or nonpublic school described therein who lives in the school district in question. Therefore, we believe that the trial court cannot be

[4] In a prior case concerning Section 1361, we made no distinction between public and nonpublic school students as resident pupils. *School District of Pittsburgh v. Department of Education*, 33 Pa. Commonwealth Ct. 535, 382 A.2d 772 (1978), *aff'd*, 483 Pa. 539, 397 A.2d 1154 (1979). In *Babcock School District v. Potocki*, 502 Pa. 349, 466 A.2d 616 (1983), our Supreme Court acknowledged this construction.

held to be without "any apparently reasonable grounds" or that "the rule of law relied upon was palpably erroneous or misapplied" in granting the requested order. We also conclude that the trial court was correct in holding that the difference in the age requirements of the School District's kindergartens and St. Patrick's kindergarten is immaterial to the provision of transportation to a pupil, lawfully enrolled in a qualified school within the busing area; Section 1361(1) contains no reference to such age requirement. To accept the School District's interpretation would, we believe, render an unreasonable result, which we must presume was not intended by the legislature. The School District has been providing and continued to provide free bus transportation to its other resident pupils at St. Patrick's; therefore, we find no legal reason under Section 1361(1) for it to refuse such transportation to the minor appellee.[5]

Considering that this case came before the Court of Common Pleas at the very beginning of the 1983-84 school year and that, had the requested order not been granted, the minor appellee likely would not have been able to attend kindergarten that year, we believe that the trial court did not abuse its discretion in ruling

---

[5] The School District argues that it will suffer a substantial adverse economic impact by providing transportation to St. Patrick's to the minor appellee. Inasmuch as the School District is already providing such transportation to the other children attending that school, it appears that the School District will have to make little or no change to transport the minor appellee. Also, we see no merit to the School District's argument that a child such as the minor appellee may unfairly receive an extra year of free transportation to school at public expense. While we fail to see how this so-called unfair advantage will accrue to a nonpublic school student who progresses normally through the educational system, suffice it to say that such a student even if he does receive an extra year of transportation is no different than a public school student who fails to advance with normal progress.

that the appellees' right to relief was clear, that their need for relief was immediate and that their injury would be irreparable.

Accordingly, we will affirm the order of the Court of Common Pleas of Delaware County granting the preliminary injunction.

### ORDER

AND Now, the 4th day of February, 1985, the order of the Court of Common Pleas of Delaware County in the above-captioned matter, dated September 7, 1983, is affirmed.