625 A.2d 1330

**BETHLEHEM AREA VOCATIONAL–TECHNICAL SCHOOL and Bethlehem Area School District**

v.

**PALISADES SCHOOL DISTRICT, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1992.

Decided May 26, 1993.

---

Stephen G. Rhoads, for appellant.

Elwood M. Malos, for appellees.

Before COLINS, and FRIEDMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

The Palisades School District appeals an order of the Court of Common Pleas of Northampton County which found the Palisades School District (Palisades) liable to the Bethlehem Area Vocational–Technical School and to the Bethlehem Area School District (collectively, Bethlehem) for the costs of providing vocational-technical (vo-tech) education and transportation services to students who are residents of Palisades. We reverse.

The issue before us is whether the tuition and transportation expenses for students who reside in one school district and who attend vo-tech classes in another district, more convenient to their non-public school, must be reimbursed by

the home school district in which they reside when that school district also operates its own vo-tech program and has not consented to pay the tuition and transportation costs.

The facts are not in dispute. The Bethlehem Area Vocational–Technical School (BAVTS) provided educational services to several students who resided in Palisades but attended Bethlehem Catholic High School. The Bethlehem Area School District (BASD) provided transportation from the students' high school to the vo-tech classes. The students participated in the BAVTS vo-tech program rather than the Palisades' program on their own initiative and without the permission or consent of Palisades which is a participating district in the Upper Bucks Vocational–Technical School. Bethlehem demanded reimbursement for the costs of the educational services and transportation, and Palisades denied liability. The trial court construed the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101—27–2702 and determined that Palisades was obligated to reimburse Bethlehem.

On appeal,[1] Palisades contends that the trial court committed an error of law and that, under the circumstances, the determination that Palisades is obligated to reimburse Bethlehem for providing vo-tech educational services to Palisades residents offends public policy.

The sections of the Code dealing with reimbursement for vo-tech education provide for reimbursement under limited circumstances. Section 1809 of the Code, 24 P.S. § 18–1809, provides that a resident of a *school district which does not maintain an approved program* may apply for admission to another district's vo-tech program and that the home school district shall be liable to the school district which provides the vo-tech services. Section 1847 of the Code, 24 P.S. § 18–1847, provides that any student residing in a *non-participating district* may attend an area vo-tech school or technical institute and that the school district in which the student resides

---

1. Our scope of review is whether the trial court committed an error of law or abused its discretion. *Mirror Printing Co., Inc. v. Altoona Area School Board,* 148 Pa.Commonwealth Ct. 168, 609 A.2d 917 (1992).

shall be charged. In this case, Palisades is *a participating district* in the Upper Bucks Vocational–Technical School. Neither section 1809 nor section 1847 nor any other section of the Code deals with the situation presented here where the school in which the student resides is a participating district in a vo-tech school and the student participates in a vo-tech program elsewhere.

■ We disagree with the trial court's conclusion that the legislative intent will be served by requiring the home school district to reimburse the receiving school district which provides vo-tech services to residents from the home school district. Before the receiving school district can claim reimbursement, it must first determine whether the students are eligible to attend a vo-tech program outside their home school district. Pre-requisites to reimbursement pursuant to section 1809 are: (a) that the district in which the student resides does not maintain an approved vo-tech program offering the type of training which the student desires, and (b) that the student's application to another vo-tech program be approved either by that school board or by the State Board for Vocational Education. Similarly, prerequisites to reimbursement pursuant to section 1847 are:

(a) residents in a non-participating school district; and (b) consent of the receiving area vocational board. One other route is available to students who may reside in a district with a vo-tech program but who desire to attend another program. Pursuant to section 2562 of the Code, 24 P.S. § 25–2562, the sending district is obligated to pay these costs "if the attendance is previously approved by the sending district." Thus, the sending school district is obligated to pay the costs of tuition and transportation for students attending vo-tech classes in another district (1) if the home district does not have an approved program, (2) if the home district does not participate in a vo-tech school or (3) if the home district has previously approved the attendance.

Because this appears to be a case of first impression, it is important to carefully review the assumptions on which the trial court based its decision. The trial court determined that

Palisades had tacitly consented to the arrangement because "the students in question were transported from their home school district *by* plaintiff BASD (Stipulation of Counsel No. 5)." (Trial court op. at 5.) This determination is not supported by the record. The stipulation states that BASD provided transportation from Bethlehem Catholic High School to BAVTS but does not say who transported students from the home school district (Palisades). Also, the parties stipulated that "[t]he students who participated in Bethlehem Area Vo-tech School's educational program and utilized Bethlehem Area School District's transportation services did so on their own initiative in conjunction with their attendance at Bethlehem Catholic High School, and without the prior permission or approval of Palisades School District." (Stipulation of Counsel No. 6.) None of the stipulations support the trial court conclusion that Palisades tacitly consented to the arrangement.

 The trial court reviewed the sections of the Code dealing with vocational education and with reimbursement between school districts and determined "that the sending district is obligated to pay for costs of transportation and tuition for its students in another district's vo-tech program, whether or not they were expressly given consent or otherwise authorized by the sending district," (trial court op. at 7–8), reasoning that "[w]hether the student followed the proper application routes in getting into the vo-tech program of the receiving district is secondary to the fact that the district in which the student resides is ultimately liable for costs incurred in educating him." (Trial court op. at 11.) We disagree. The Code provides for reimbursement by a sending district when a student is *entitled* to attend another district's vo-tech program. Entitlement is contingent upon acceptance in a receiving district's program after the conditions enumerated in the Code have been met, i.e., non-participating school district (section 1847 of the Code, 24 P.S. § 18–1847); district does not maintain an approved program offering the type of training the student desires (section 1809 of the Code, 24 P.S. § 18–1809); or consent by the sending school district (section 2562

of the Code, 24 P.S. § 25–2562). None of these three situations is involved in this case. The trial court also relied on the Basic Education Circular No. 2–88 as support for Bethlehem's position. In fact, that circular appears to apply only to situations addressed by sections 1809 and 1847 of the Code, stating that if the sending school district is responsible for tuition, it must also pay for transportation. The circular provides no support for Bethlehem's argument because the first prong of the test is not met.

■ We believe that the Code does not envision reimbursement in these circumstances. *Babcock School District v. Potocki*, 502 Pa. 349, 466 A.2d 616 (1983) is instructive. There, a resident student attending a public school in another district sought to have the home school district provide transportation. Our supreme court determined that the parents had

> elected to enroll their son in a public school outside the boundaries of the Babcock School District. . . . Babcock is a provider of educational services to its resident pupils, not a provider of free transportation services to resident pupils whose parents have elected to enroll their children in a public school in another school district.

*Id.* at 352, 466 A.2d at 617. This strict reading of the transportation requirements of the Code is consistent with our determination that the Code does not require that Palisades reimburse Bethlehem.

■ Here, the trial court's rationale for construing the Code as it does even more convincingly supports the reverse construction. We agree with the trial court that the purpose of the legislative scheme is to establish a "thorough and efficient system of public education to which every child has a right," *Philadelphia Federation of Teachers, Local No. 3, AFT, AFL–CIO v. Board of Education of School District of Philadelphia*, 51 Pa.Commonwealth Ct. 296, 414 A.2d 424 (1980), but we believe that the legislature has done this by providing that home districts reimburse receiving districts which provide services *under certain limited circumstances.*

In addition to our reading of the Code, public policy considerations militate against permitting students to choose a vo-tech program as a matter of personal convenience without first receiving the consent of the school district in which they reside and which provides approved vo-tech programs. School districts must be able to accurately plan for financial demands and educational programs. While the amounts at issue here do not seem large, a reading of the Code which permits one district to accept students from another district and then bill the home district without any prior coordination makes it difficult for the home district to ascertain budgetary and staffing needs. Furthermore, requiring Palisades to reimburse Bethlehem under these circumstances would create a form of school choice for vo-tech programs. School choice is a policy issue in the province of the legislature which can best fashion a program to avoid the pitfalls we see in this situation.

Accordingly, we reverse.

## ORDER

AND NOW, this 26th day of May, 1993, the order of the Court of Common Pleas of Northampton County, dated January 17, 1992, is reversed.