COMMONWEALTH of Pennsylvania, BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, Petitioner,

v.

STATE BOARD OF PHYSICAL THERAPY, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1997.

Decided Oct. 8, 1997.

Reconsideration/Reargument Denied Nov. 25, 1997.

Bernadette Paul, Harrisburg, for petitioner.

1. Chiropractors are intervenors in the within appeal.

2. On May 24, 1996, the Pennsylvania Physical Therapy Association and two individual licensed

James J. Kutz, Harrisburg, for intervenors, Thomas Boch, et al.

Richard B. Tucker, III, Pittsburgh, for intervenors, PA Physical Therapy Association, et al.

Before KELLEY and FLAHERTY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The facts in this administrative prosecution case have been stipulated to by the parties. In 1995, the Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs (Petitioner) issued Orders to Show Cause against Thomas Boch, Howard Bloom, Weathervane Chiropractic, P.C., t/d/b/a Weather Vane Welness Center, Marc Bloom and Ronald A. Cologna (Chiropractors)[1] as to why the State Board of Physical Therapy (Board) should not impose penalties against the Chiropractors for reason of their advertising that they perform physical therapy services in violation of the Physical Therapy Practice Act (Act), Act of October 10, 1975, P.L. 383, as amended, 63 P.S. §§ 1301–1313.

The Petitioner specifically charged the Chiropractors with violations of Section 4(a) of the Act, holding themselves out as being able to practice physical therapy, and Section 4(b.1), unauthorized use of the term physical therapy, on the basis of the Chiropractors' advertisements that they perform "physical therapy" without stating that they are licensed physical therapists or that they employ licensed physical therapists in their chiropractic offices.

The cases were consolidated and were delegated to a hearing examiner of the Petitioner on April 18, 1996 for a final decision.[2] The case was submitted to the hearing examiner on exhibits, stipulations and affidavits. On February 19, 1997, the hearing examiner issued a final Adjudication and Order, clarified by Order dated February 26, 1997, finding no violations of the Act and dismissing

physical therapists, Mary Sinnot, P.T. and Larry P. Fronheiser, P.T., were permitted to intervene. In the appeal here, the American Physical Therapy Association filed an amicus curiae brief.

the charges against the Chiropractors. The hearing examiner determined that chiropractors are statutorily authorized to perform adjunctive services which are the equivalent of physical therapy and consequently concluded chiropractors can hold themselves out and advertise that they practice physical therapy. This appeal followed.

The sole issue presented for our consideration is whether chiropractors, who are not licensed physical therapists, and who employ no physical therapists, and who advertise that they provide physical therapy, are in violation of the Act. Petitioner contends that the language of the Act prohibits any person or business from holding themselves out in any manner whatsoever that they provide physical therapy, unless the therapy is provided by a licensed physical therapist.

The Chiropractors were charged under Section 4(a), 63 P.S. § 1304(a), of the Act which provides:

Training and License required: Exceptions

It shall be unlawful for any person to practice or hold himself out as being able to practice physical therapy in the State in any manner whatsoever unless such person has met the educational requirements and is licensed in accordance with the provisions of this act. The board shall determine standards, by regulations, regarding qualifications necessary for the performance of such tests or treatment forms as the board shall determine require additional training or education beyond the educational requirements set forth by this act, as such relates to the practice of physical therapy in accordance with law. Nothing in this act, however, shall prohibit any person trained and licensed or certified to practice or to act within the scope of his certification in this State under any other law, from engaging in the licensed or certified practice for which he is trained.

Section 4 (b.1) provides:

It shall be a violation of this act for any person or business entity to utilize in connection with a business name or activity the words "physical therapy," "physical therapist," "physiotherapy," "physiotherapist" or similar words and their related abbreviations which imply directly or indirectly that physical therapy services are being provided, including the billing of physical therapy services, unless such services are provided by a licensed physical therapist in accordance with this act: Provided, however, That nothing in this section shall limit a physician's authority to practice medicine or to bill for such practice nor limit a chiropractor's authority to practice chiropractic or to bill for such practice.

The parties agree that chiropractors may perform adjunctive procedures if they are certified to do so under the Chiropractic Practice Act (Chiropractic Act), Act of Dec. 16, 1986, P.L. 1646, *as amended,* 63 P.S. § 625.101–1106. Indeed, the Chiropractic Act defines "chiropractic" as including the use of adjunctive procedures in treating misaligned or dislocated vertebrae or articulations and related conditions of the nervous system. 63 P.S. § 625.102. Here, all of the Chiropractors are certified in adjunctive procedures under the Chiropractic Act. The hearing examiner reasoned that under these definitions, physical therapy was an adjunctive procedure.

Adjunctive procedures are defined in Section 102 of the Chiropractic Act as:

Physical measures such as mechanical stimulation, heat, cold, light, air, water, electricity, sound, massage and mobilization.

63 P.S. § 625.102.

Physical therapy is defined in Section 2 of the Act as:

the evaluation and treatment of any person by the utilization of the effective properties of physical measures such as mechanical stimulation, heat, cold, light, air, water, electricity, sound, massage and mobilization. . . .

63 P.S. § 1302.

The similarity in these definitions indicates the overlap between adjunctive procedures performed by chiropractors and physical therapy procedures. However, the issue is not one of whether chiropractors may or may not perform physical therapy, but rather whether they may hold themselves out or

advertise the performance of such procedures.

■ In construing Section 4 of the Act and in ascertaining the meaning and legislative intent, we turn to the applicable rules of statutory construction for guidance. Section 1921 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921; *Unionville–Chadds Ford School District v. Rotteveel,* 87 Pa. Cmwlth. 334, 487 A.2d 109 (1985). When the words of a statute are clear and free from ambiguity, the letter of the statute is not to be disregarded. 1 Pa.C.S. § 1921(b).

■ From our review of the plain language of the statute, Section 4 of the Act clearly forbids any person to "hold himself out . . . in any manner whatsoever" as being able to practice physical therapy in this Commonwealth unless licensed under the Act. These limitations have clearly been delineated by the Legislature and must be given effect as written. Thus, even though a chiropractor is licensed to practice chiropractic procedures and certified to perform adjunctive procedures, many of which are performed by physical therapists, chiropractors cannot advertise or hold themselves out as being able to practice physical therapy.[3]

Accordingly, we vacate the order of the hearing examiner which dismissed with prejudice, all charges against the Chiropractors.

### ORDER

AND NOW, this 8th day of October, 1997, the February 19, 1997 order of the Commonwealth of Pennsylvania, Department of State, State Board of Physical Therapy is vacated and the matter is remanded to enter a decision, consistent with this opinion.

Jurisdiction relinquished.

---

**3.** The parties agree that chiropractors cannot advertise or hold themselves out as "licensed physical therapists" under Section 526(b), 63 P.S. § 625.526(b), which provides:

(b) **Representation as a licensed physical therapist.**—A chiropractor shall not hold himself out in any manner to be a licensed physical therapist unless duly licensed under the act . . .