Louis Washowich, Mayor of the City of McKeesport, Appellant *v.* McKeesport Municipal Water Authority, Appellee.

Argued November 14, 1985, before Judges MacPhail and Doyle, and Senior Judge Barbieri, sitting as a panel of three.

*Timothy P. O'Reilly,* for appellant.

*Walter F. Baczkowski, Liddle and Adams,* for appellee.

Opinion by Judge MacPhail, January 30, 1986:

Louis Washowich (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County dismissing his petition to open judgment following the Court's granting of the McKeesport Municipal Water Authority's (Authority) motion for peremptory judgment in a mandamus action.[1] We affirm.

---

[1] The procedural background of this case is a bit complex. The Authority filed a complaint in mandamus on December 21, 1983. It then filed a motion for peremptory judgment on December 22, 1983, after proper notice that such a motion was going to be presented was given to Appellant the day before. A hearing was held on December 23, 1983, after which the Common Pleas Court granted the Authority's motion. On December 30, 1983, Appellant filed "Exceptions to Order of Court and Petition to Open Judgment." The Common Pleas Court dismissed the Appellant's exceptions and petition on October 30, 1984, erroneously holding that the exceptions and petition were untimely filed. After Appellant filed a request for reconsideration with the Common Pleas Court and a notice of appeal to this Court, the Common Pleas Court issued an opinion on March 25, 1985 which acknowledged that the Court had erred in holding that the exceptions and petition were untimely filed, but which also held that the exceptions and petition must be denied on the merits.

Pa. R.C.P. No. 1098, which governs peremptory judgments, provides that such a judgment "may be opened upon cause shown." There is no provision for the filing of "exceptions." "Exceptions"

The pertinent facts are not in dispute. On December 28, 1981, the City of McKeesport (City) enacted an ordinance which provided for the sale of the City's water distribution system to the Authority. The ordinance stated "[t]hat the proper officers are hereby authorized to execute any deeds, bills of sale, assignments or other documents required to affectuate [sic] the sale of real estate and personal property of the water works supply system upon the Authority tendering the said purchase price."[2] Appellant vetoed the ordinance, but his veto was overridden. On or about December 7, 1983, the Authority entered into a bond purchase agreement with CSM Security Corporation for the purchase of sufficient water revenue bonds to cover the transaction. A closing was scheduled for December 21, 1983 for the transfer of the appropriate funds to the City for the purchase of the water system. Appellant refused to execute the deed and bill of sale to the Authority. The Common Pleas Court entered peremptory judgment on December 23, 1983 ordering Appellant to sign the deed and bill of sale and deliver them to the Authority. Appellant's petition to open,

---

may be proper as a post-trial motion, but here there was no trial, there was an evidentiary hearing. A petition to open is the proper document for an aggrieved defendant to file after peremptory judgment is entered.

Appellant states in his brief that he is appealing both the peremptory judgment in mandamus and "the denial of the Exceptions thereto." It is clear, under the Rules of Civil Procedure, that only the denial of a petition to open a peremptory judgment, not a peremptory judgment itself, is appealable to this Court. *Babcock School District v. Potocki*, 71 Pa. Commonwealth Ct. 504, 455 A.2d 273 (1983). However, because the notice of appeal states that Appellant appeals the dismissal of his exceptions and his petition to open judgment, we have broadly interpreted his arguments as being directed at the dismissal of his petition to open, because that is the only order entered in this case which is properly appealable to this court. *See* R.A.P. 105(a).

[2] McKeesport, Pa., Ordinance 81-31 (December 14, 1981); R.R. 13a.

which is the subject of this appeal, concerns itself with this judgment.

The Authority argues that the appeal is moot because the Appellant signed the deed and bill of sale on December 23, 1983 as a result of the Common Pleas Court's order. This may be true, however, there is nothing on the record to indicate to this Court that the Appellant did indeed sign the documents. It is true that Appellant's counsel told the Court at the hearing of December 23, 1983, that "[w]e don't agree, but we will abide by Your Honor's ruling."[3] More is required to be displayed on the record before this Court can reach the conclusion that Appellant complied with the order. We must, therefore, reach the merits of the appeal.

Where a party appeals a denial of its petition to open a peremptory judgment, our scope of review is limited to determining whether the Common Pleas Court abused its discretion. *Babcock School District v. Potocki,* 71 Pa. Commonwealth Ct. 504, 455 A.2d 273 (1983), *rev'd on other grounds,* 502 Pa. 349, 466 A.2d 616 (1983). An abuse of discretion will be found only where the party has met his burden of showing good cause for the opening of the judgment. *Id.*

Pa. R.C.P. No. 1098, which governs peremptory judgments in mandamus proceedings, reads:

> At any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear, but the judgment may be opened upon cause shown. Judgment shall not be entered without prior notice to all parties unless the exigency of the case is such as to require action before notice, in which event notice shall be given as soon as possible.

This Court has said that

---

[3] Notes of testimony of December 23, 1983 (N.T.), p. 47; R.R. 123a.

[i]n determining whether to grant a motion for peremptory judgment pursuant to Rule 1098, a court is to be guided by the standards governing disposition of motions for summary judgment. Commonwealth v. Mifflin County School Board, 30 Pa. Commonwealth Ct. 213, 399 A.2d 421 (1977). Accordingly, in making its decision ' "[t]he Court must consider both the record actually presented and the record potentially possible at the time of the trial[,]" ' Schacter v. Albert, 212 Pa. Superior Ct. 58, 61-2, 239 A.2d 841, 843 (1968) (quoting International Latex Corp. v. Lexicon Products, Inc., 37 F.R.D. 524, 525-6 (E.D. Pa. 1965)), and judgment can be entered 'only in the clearest of cases where there is not the slightest doubt as to the absence of material fact.' Leach v. Philadelphia Saving Fund Society, 234 Pa. Superior Ct. 486, 492, 340 A.2d 491, 494 (1975). Furthermore, '[t]he burden of demonstrating that no genuine issue of material fact exists and that one is entitled to judgment as a matter of law is on the moving party, and the record must be examined in the light most favorable to the non-moving party.' Giannini v. Carden, 286 Pa. Superior Ct. 450, 454, 429 A.2d 24, 26 (1981).

*Wolgemuth v. Kleinfelter,* 63 Pa. Commonwealth Ct. 395, 398, 437 A.2d 1329, 1331 (1981). A refusal to open peremptory judgment is an abuse of discretion where the entry of the judgment was based upon a misapplication or misinterpretation of the law. *Babcock.*

In order to determine whether the Common Pleas Court erred by refusing to open the peremptory judgment, we must look to the law which governs mandamus actions. Our Supreme Court recently reviewed that law:

Mandamus is the proper remedy only where the plaintiff demonstrates (1) a clear legal right

in the petitioner, (2) a corresponding duty in the respondent, and (3) absence of any other appropriate or adequate remedy. . . . As stated in Commonwealth ex rel. McLaughlin v. Erie County, 375 Pa. 344, 100 A.2d 601 (1953), 'mandamus will not issue unless the right of the petitioner is clear and specific, it can never be invoked in a doubtful case.' . . . Where doubt as to the plaintiff's right or the defendant's duty exists, the remedy is neither appropriate nor available. . . . To succeed in an action of mandamus, the plaintiff must show an immediate, specific, well defined and complete legal right to the thing demanded.

*Equitable Gas Company v. City of Pittsburgh*, 507 Pa. 53, 57, 58, 488 A.2d 270, 272-73 (1985) (citations omitted). Appellant, as mayor of the City, had the ministerial duty of signing the deed and bill of sale. The ordinance directing that the water system was to be sold was passed by the McKeesport City Council over the veto of the mayor. That ordinance directed the mayor to sign the documents. The McKeesport Home Rule Charter states in delineating the mayor's duties:

(4) He shall have the duty to enforce the ordinances and regulations of the City.

(5) He shall have the duty to sign such papers, contracts, obligations and documents that are properly presented to him, as may be required by law.[4]

Appellant argues that despite the fact that he had the duty under the Ordinance and the Home Rule Charter to sign the deed and bill of sale, he was justified in not doing so. Many of the reasons Appellant advances in attempting to justify his failure to act deal with the wisdom of the sale. Those are political

---

[4] McKeesport, Pa. Home Rule Charter, Art. VII, §709; 302 Pa. Code §13.7-709.

issues and should have been aired at the city council debates over the matter. This Court is not the forum in which to debate politics.[5] However, it does appear that if the sale agreement between the City and the Authority is invalid, the Appellant would have a defense to a mandamus action. *See D. N. Corporation v. Roudabush*, 309 Pa. 393, 164 A. 60 (1932); *Commonwealth ex rel. Met-Con Co. v. Jones*, 283 Pa. 582, 129 A. 635 (1925).

Appellant first asserts that the agreement is invalid for inadequate consideration. Courts generally will not enter into an inquiry as to the adequacy of consideration. *Thomas v. Thomas Flexible Coupling Company*, 353 Pa. 591, 46 A.2d 212 (1946); *Harnett v. Ryan Homes, Inc.*, 360 F. Supp. 878 (W.D. Pa. 1973), *aff'd* 496 F.2d 832 (3d Cir. 1974). A court will do so only if there is a showing of fraud. *Wilson v. Viking Corp.*, 134 Pa. Superior Ct. 153, 3 A.2d 180 (1938).

Appellant did not present at the hearing before the Common Pleas Court any evidence of fraud. He did allege that he felt the attorney's fees involved were too high and that the amount of money the City would receive for the sale was too low. This does not amount to a showing of fraud. Nor did Appellant plead facts

---

[5] It appears that this issue has been hotly debated in McKeesport. A group of five citizens attempted to put the sale issue to a referendum vote. This attempt failed when this Court ruled in *Cottone v. Kulis*, 74 Pa. Commonwealth Ct. 522, 460 A.2d 880 (1983) that the Allegheny County Common Pleas Court had correctly sustained the McKeesport city clerk's preliminary objections to a mandamus action brought by the citizens to compel her to issue referendum petition blanks to them. Furthermore, the Allegheny County Common Pleas Court ruled that a Transfer Agreement and a Lease Agreement between the City and the Authority, which led to the ordinance we are considering in the case *sub judice*, were valid in *McKeesport Municipal Water Authority and City of McKeesport v. The Water Authority of the Borough of White Oak, Borough of Port Vue and the Borough of Liberty*, (No. G.D. 79-8580, Court of Common Pleas of Allegheny County).

in his petition to open which demonstrate fraud. In order to meet its burden of showing good cause for opening a peremptory judgment, such a party must plead facts in its petition to open which demonstrate a provable, meritorious defense. *Babcock.*

In his brief, Appellant presents an argument which could be construed as asserting fraud. Appellant cites Sections 3515 to 3521 of The Third Class City Code[6] for the proposition that a city must follow an appraisal procedure when it sells a water system. The sections cited by Appellant require an appraisement only when a city *purchases* a water system; there is no appraisement requirement when a city sells a water system.

Appellant has not asserted any actions which can be considered fraud. As such, the adequacy of the consideration for the sale agreement may not be reviewed by this Court. The record reveals that the purchase price was set by the public officials involved who took into consideration many relevant factors. Appellant's reservations about the wisdom of the sale do not relieve him of his duty to sign the deed and bill of sale.

Appellant next asserts that the sale agreement is invalid because it could render the city and the Authority guilty of anti-trust violations. At the hearing, the Appellant expressed some vague concerns about the relationship of the Authority to American Water Works and Western Pennsylvania Water Works.[7] As nearly as can be determined from Appellant's somewhat convoluted testimony, the Authority is managed by American Water Works, which in turn owns Western Pennsylvania Water Company, the dominant private water company in the area. No other evidence of anti-trust violations was presented at the hearing.

---

[6] Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §38515-§38521.

[7] N.T. at pp. 27-28; R.R. 103a-104a.

Further, Appellant did not plead facts in his petition to open which would support his averments of anti-trust violations. *See Babcock.*

Appellant argues that because he was given only one day's notice of the hearing, he did not have adequate time to prepare his case. Pa. R.C.P. No. 1098 permits the entering of a peremptory judgment ''[a]t any time after the filing of the complaint.'' The Rule further states that a peremptory judgment may be entered without notice if the ''exigency of the case'' requires. In the case at bar, a closing had been scheduled. The Authority presented testimony that money would be lost if all the relevant agreements were not signed as soon as possible. Time was of the essence. Appellant did have notice and did present his case. If he felt he did not present his case adequately at the hearing, he could have pleaded facts in his petition to open which would permit the opening of the judgment. This he did not do.

We find that the Common Pleas Court did not abuse its discretion in denying Appellant's petition to open the peremptory judgment and that its decision must be affirmed.

ORDER

The order of the Court of Common Pleas of Allegheny County dated October 30, 1984, dismissing Appellant's petition to open judgment, is hereby affirmed.