606 A.2d 951

**BOROUGH OF PLUM, Appellant,**

v.

**Arturo TRESCO, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1992.

Decided March 31, 1992.

640

Bruce E. Dice, for appellant.

James F. McCormick, for appellee.

Before COLINS and SMITH, JJ., and SILVESTRI, Senior Judge.

COLINS, Judge.

The Borough of Plum (Borough) appeals from an order of the Court of Common Pleas of Allegheny County (Common Pleas) denying the Borough's petition to open peremptory judgment. We affirm.

Arturo Tresco (Tresco), a landowner in the Borough of Plum, Allegheny County, submitted a subdivision plan application to the Borough on June 9, 1989. The Borough issued a written decision on August 9, 1989, denying the application. Although the Borough stated reasons for its denial of the application, it failed to cite to specific provisions of either statutes or ordinances that it relied on for its denial,

as required by Section 508(2) of the Pennsylvania Municipalities Planning Code (MPC).[1]

Section 508(2) of the MPC provides as follows:

(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met *and shall, in each case, cite to the provisions of the statute or ordinance relied upon.*

53 P.S. § 10508(2) (emphasis added). Further, Section 508(3) of the MPC provides, in pertinent part:

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and *in the manner required herein* shall be deemed an approval of the application in terms as presented....

53 P.S. § 10508(3) (emphasis added).

In January 1990, Tresco filed a complaint in mandamus with Common Pleas requesting that it order the Borough to approve his subdivision plan. After the pleadings were closed, Tresco filed a motion for peremptory judgment pursuant to Pa.R.C.P. No. 1098, which Common Pleas granted on December 11, 1990. Common Pleas found that the Borough did not adequately apprise Tresco of its decision, as required by Section 508(2) of the MPC. The Borough was directed to approve Tresco's subdivision application and plan. The December 11, 1990 order of Common Pleas was inadvertently not forwarded to the parties and thus, by order dated March 7, 1991, the peremptory judgment was officially re-entered and the appeal period commenced. The Borough thereafter filed a petition to open peremptory judgment, which Common Pleas denied by order dated June 7, 1991.

The Borough then filed this appeal and argues that Common Pleas erred as a matter of law in granting the peremptory judgment because (1) Tresco's right to a deemed approval was not free of doubt under the relevant

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508(2).

provisions of the MPC, and (2) Tresco's right to a deemed approval was not supported by existing caselaw.

"Where a party appeals a denial of its petition to open a peremptory judgment, our scope of review is limited to determining whether the Common Pleas Court abused its discretion." *Washowich v. McKeesport Municipal Water Authority*, 94 Pa.Commonwealth Ct. 509, 512, 503 A.2d 1084, 1085 (1986). A court's refusal to open a peremptory judgment is an abuse of discretion where the judgment was entered based upon a misapplication or misinterpretation of the law. *Id.* In order to determine whether Common Pleas erred by refusing to open the peremptory judgment, "we must look to the law which governs mandamus actions." *Id.*, 94 Pa.Commonwealth Ct. at 513, 503 A.2d at 1086.

A peremptory judgment in a mandamus action is appropriately entered only where there exists no genuine issue of material fact and where the case is clear and free from doubt. *Shaler Area School District v. Salakas*, 494 Pa. 630, 432 A.2d 165 (1981). "The burden of demonstrating that no genuine issue of material fact exists and that one is entitled to judgment as a matter of law is on the moving party, and the record must be examined in the light most favorable to the non-moving party. *Giannini v. Carden*, 286 Pa.Superior Ct. 450, 454, 429 A.2d 24, 26 (1981)." *Washowich*, 94 Pa.Commonwealth Ct. at 513, 503 A.2d at 1086 (quoting *Wolgemuth v. Kleinfelter*, 63 Pa.Commonwealth Ct. 395, 398, 437 A.2d 1329, 1331 (1981)).

Mandamus is an extraordinary writ and is a remedy used to compel performance of a ministerial act or a mandatory duty. In order to prevail in an action for mandamus, there must have been a mandatory duty on the part of the appellant, a clear legal right in the appellee for performance of the ministerial act or mandatory duty, a corresponding duty in the appellant to perform the ministerial act or mandatory duty, and no other appropriate remedy available. *Equitable Gas Company v. City of Pittsburgh*, 507 Pa. 53, 488 A.2d 270 (1985).

■ The Borough first argues that Tresco failed to satisfy the four part test for mandamus because he did not have a clear legal right to a deemed approval. The Borough relies on Sections 908(9) and 1002–A of the MPC, 53 P.S. §§ 10908(9) and 11002–A, for support. It argues that Section 908(9) provides a procedure to perfect a deemed approval as follows:

> Where the board fails to render the decision within the period required by this subsection, or fails to hold the required hearing within 60 days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant.... *When a decision has been rendered in favor of the applicant because of the failure of the board to meet or render a decision as hereinabove provided,* the board shall give public notice of said decision within ten days from the last day it could have met to render a decision in the same manner as provided in subsection (1) of this section. If the board shall fail to provide such notice, the applicant may do so. Nothing in this subsection shall prejudice the right of any party opposing the application to appeal the decision to a court of competent jurisdiction. (Emphasis added.)

It is the Borough's contention that in order to secure a deemed approval, Tresco would have to have communicated his intention within ten days from the Borough's last meeting date.

Additionally, the Borough argues that Tresco should have appealed the Borough's denial of his subdivision plan within thirty days after communicating his intention under Section 908(9), as provided by Section 1002–A of the MPC, 53 P.S. § 11002–A. Section 1002–A states:

> All appeals from all land use decisions rendered pursuant to Article IX shall be taken to the court of common pleas of the judicial district wherein the land is located and shall be filed within 30 days after entry of the decision as provided in 42 Pa.C.S. § 5572 (relating to time of entry of order) or, *in the case of a deemed decision, within 30*

*days after the date upon which notice of said deemed decision is given as set forth in section 908(9) of this act.* (Emphasis added.)

According to the Borough, Tresco failed to perfect his right of review with respect to the Borough's August 9, 1989 decision and the subsequent deemed approval.

We are in agreement with Common Pleas that the Borough's interpretation of and reliance on these sections is erroneous. Section 908(9) is applicable only in situations where a deemed approval results because of the municipality's failure to hold a timely hearing. Similarly, Section 1002–A is, by its language, specifically limited in applicability to deemed approvals occurring pursuant to Section 908(9) of the MPC. These sections are clearly not applicable because Tresco did not receive a deemed approval pursuant to Section 908(9) but rather received a deemed approval pursuant to Section 508, which does not require that an appeal be taken. The Borough would have this Court infer that the drafters of the MPC intended the perfecting procedures in Section 908(9) to apply to a deemed approval under Section 508(3), 53 P.S. § 10508(3), because that section fails to provide a similar procedure to perfect. This we cannot do. The language of Section 508(3) unambiguously provides for an automatic deemed approval if the governing body fails to abide by the rules set forth in subsections (1) or (2), 53 P.S. § 10508(1) and (2). *Coretsky v. Board of Commissioners of Butler Township,* 520 Pa. 513, 555 A.2d 72 (1989).

Section 1921(b) of the Statutory Construction Act states: "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). "Only if a statute is unclear may a court embark upon the task of ascertaining the intent of the legislature by reviewing the necessity of the act, the object to be attained, circumstances under which it was enacted and the mischief to be remedied. 1 Pa.C.S. § 1921(c)." *Coretsky,* 520 Pa. at 517–18, 555 A.2d at 74.

■ Further, it is well settled that an action in mandamus is appropriate to obtain recognition of the right to deemed subdivision approval. *Malone v. West Marlborough Township Board of Supervisors,* 131 Pa.Commonwealth Ct. 347, 570 A.2d 147 (1990). Quoting *Croft v. Board of Supervisors of Middletown Township,* 76 Pa.Commonwealth Ct. 488, 492, 464 A.2d 625, 627 (1983), we stated in *Malone:* '[T]he fact that a written decision is issued does not make a statutory appeal an adequate remedy where the decision is subject to the deemed approval sanctions of the MPC.' *Id.,* 131 Pa.Commonwealth Ct. at 350–51, 570 A.2d at 149.

■ Alternatively, the Borough maintains that in any event, Tresco's failure to act until January of 1990, approximately five months after the Borough's denial, is prejudicial to the Borough because conceivably any disgruntled applicant could seek a deemed approval years from any decision denying a subdivision plan. In *Croft,* we held that a delay of approximately two and one-half years following a board's decision did not defeat the applicant's right to a deemed approval of its subdivision plan. Hence, we decline to hold here that a five month delay would be fatal.

■ We turn now to the Borough's remaining argument, that the governing caselaw does not support a deemed approval in this instance. The courts of this Commonwealth have repeatedly held that the requirements of Section 508(2) of the MPC are mandatory. *Coretsky; Dobrinoff v. Board of Supervisors of Franklin Township,* 136 Pa.Commonwealth Ct. 282, 582 A.2d 1156 (1990); *Bensalem Township v. Blank,* 115 Pa.Commonwealth Ct. 281, 539 A.2d 948 (1988). The Borough argues that this matter is governed by the Court's decision in *Dobrinoff,* wherein the Court determined that although a decision rendered by the Board of Supervisors of Franklin Township, that did not contain citations to appropriate statutes or ordinances, failed to comply with Section 508(2) of the MPC, a previous letter to Dobrinoff authored by the Board, that did contain the required information, constituted adequate notice. We note that *Dobrinoff* is significantly factually dissimilar in

this regard to the instant matter. Therein, Dobrinoff had initially received a denial letter from the Board on May 16, 1989, citing to specific ordinance provisions. Thereafter, he submitted an application requesting waivers from the specified ordinance sections that his plan violated. The subsequent August 22, 1989 decision from the Board denying Dobrinoff's request for waivers from the ordinance did not again cite to those specific ordinance sections. The Court stated:

> Regardless of whether the Board has denied an applicant's plan which has been submitted once or resubmitted several times, the Board is required to send the applicant a letter in compliance with Section 508(2) of the MPC. The applicant must be apprised of the specific defects found, the requirements not yet met and the applicable ordinance provisions relied upon by the Board so that he can attempt to comply with the Board's requirements before resubmitting the plan for approval.

*Id.,* 136 Pa.Commonwealth Ct. at 287, 582 A.2d at 1159. The Court stated further that:

> [a]lthough Dobrinoff was aware of the reasons that the resubmitted plan was denied, this court has previously held that mere knowledge by the applicant of the Board's reasons for denial is insufficient to meet the requirements of Section 508(2) of the MPC.... [T]he test to determine whether a Board's denial letter complies with Section 508(2) of the MPC is not whether the applicant has actual knowledge of the particular defects in his plan, the requirements which have not been met and the specific sections of the ordinance relied upon, but whether the information required by the MPC is contained within the four corners of the Board's written decision.

*Id.,* 136 Pa.Commonwealth Ct. at 288–89, 582 A.2d at 1160 (citation omitted).

There is no evidence in the record to indicate that Tresco had actual knowledge of or that the Borough ever apprised him of the specific sections of the ordinance that the Borough relied upon in its denial. Therefore, the Borough's argument "that the information required by the MPC was

648

contained in the four corners of the Board's [sic] August 9, 1989 decision" has no basis in fact.

Based on the foregoing, we conclude that Common Pleas committed no abuse of discretion in denying the Borough's petition to open the peremptory judgment. Accordingly, the decision of Common Pleas is affirmed.

## ORDER

AND NOW, this 31st day of March, 1992, the decision of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.