Thomas **FLAHERTY**, Controller of the City of Pittsburgh and the Controller of the Pittsburgh School District

v.

**PITTSBURGH SCHOOL DISTRICT,** Louise Brennan, Superintendent of the Pittsburgh School District, the Board of Education for the Pittsburgh School District and its Members, Barbara Burns, Jean Fink, William Larkin, Valerie McDonald, Elisabeth Healey, Richard Flanagan, Ronald Suber, Carole Annis, and Jean Wood, and Pittsburgh Federation of Teachers, Local 400, American Federation of Teachers, AFL–CIO by Albert Fondy.

Appeal of **PITTSBURGH SCHOOL DISTRICT,** Louise Brennan, Superintendent of the Pittsburgh School District, the Board of Education for the Pittsburgh School District and its Members, Barbara Burns, Jean Fink, William Larkin, Valerie McDonald, Elisabeth Healey, Richard Flanagan, Ronald Suber, Carole Annis, and Jean Wood, **Appellants.**

Commonwealth Court of Pennsylvania.

Argued March 16, 1995.
Decided June 9, 1995.

---

Charles M. Means, for appellants.

Christine A. Ward, for appellee.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

The Pittsburgh School District, Louise Brennan, Superintendent of the Pittsburgh School District, the Board of Education for the Pittsburgh School District and its Members [1] (hereinafter collectively referred to as the "school district") appeal from an order of the Court of Common Pleas of Allegheny County (trial court) denying the school district's petition to open and/or strike judgment.

On or about December 16, 1992, a vacancy arose in the office of the Controller of the Pittsburgh School District (school controller) for the position of Auditor III.[2] The position was posted internally. Several persons applied, including Richard Romano who held the position of Auditor II in the school controller's office. The school controller, Thomas Flaherty, and the deputy school controller, Peter Jannis, reviewed the applications for the position and determined that none of the applicants, including Mr. Romano, met the requirements for the position. They advised the Board of Education for the Pittsburgh School District (board of public education) of their determination that none of the applicants had met the requirements for the job and requested that the search for a candidate be continued, including the posting of the position externally.

The Pittsburgh Federation of Teachers (union) filed a grievance on behalf of Mr. Romano under its collective bargaining agreement for technical-clerical employees with the school district. The grievance alleged that the failure of the school controller and the deputy school controller to promote Mr. Romano to the position of Auditor III was a violation of the collective bargaining agreement. On October 28, 1993, while the grievance was pending, the board of public education voted to appoint Mr. Romano to the position of Auditor III.

Thereafter, on November 24, 1993, the school controller simultaneously filed, with the trial court, a complaint in mandamus against the school district [3] based on section 2124 of the Public School Code of 1949, 24 P.S. § 21-2124, and a motion for peremptory judgment. Section 2124 provides:

The board of public education in school districts of the first class shall appoint upon the recommendation of the school controller and school treasurer respectively such clerks as they deem necessary to assist them in the performance of their duties. All such appointments shall be made upon the recommendation of the school controller and school treasurer. Their salaries shall be fixed by the board of public education at the time the appointments are made. The school controller and school treasurer shall, in a [sic] addition to their salaries, be furnished, by the school district in which they are elected, with necessary stationery and books, required by them in the performance of their duties as school controller or school treasurer.

The school controller contended that pursuant to section 2124, the board of public education was without authority to fill the Auditor III position with a person whom the school controller did not recommend. The school controller requested the trial court to direct the board of public education to transfer Mr. Romano from the position of Auditor III to the position of Auditor II that he previously occupied and to appoint to the position of Auditor III a qualified person recommended by the school controller.[4]

1. The members of the Board of Education of the Pittsburgh School District are Barbara Burns, Jean Fink, William Larkin, Valerie McDonald, Elisabeth Healey, Richard Flanagan, Ronald Suber, Carole Annis, and Jean Wood.

2. Section 2121 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 21-2121, provides that the controller of the *City of Pittsburgh* shall also serve as the controller for the Pittsburgh School District during his term of office as city controller.

3. By order of December 21, 1993, the trial court ordered that the Pittsburgh Federation of Teachers, Local 400, American Federation of Teachers, AFL–CIO by Albert Fondy, Trustee Ad Litem be permitted to intervene as a party defendant in this action.

4. The school controller did not seek to alter the terms of the collective bargaining agreement between the union and the Pittsburgh public schools. The school controller advised the trial court that the union may pursue the claim that his failure to promote Mr. Romano to the posi-

After the submission of briefs and oral argument before the trial court, the trial court granted the school controller's motion for peremptory judgment and ordered the school district to (1) reassign Richard Romano to the position of Auditor II in the office of the school controller; and (2) appoint to the position of Auditor III an applicant recommended by the school controller.[5] The school district filed a petition to open and/or strike the peremptory judgment pursuant to Pa.R.C.P. No. 1098 which was denied by the trial court by order of October 19, 1994.[6] This appeal by the school district followed.

Initially, we note that where a party appeals a denial of its petition to open peremptory judgment, this court's scope of review is limited to determining whether the trial court abused its discretion. *Washowich v. McKeesport Municipal Water Authority*, 94 Pa.Commonwealth Ct. 509, 503 A.2d 1084 (1986). A trial court's refusal to open a peremptory judgment is an abuse of discretion where the judgment was entered based upon a misapplication or misinterpretation of the law. *Id.* at 513, 503 A.2d at 1086. In order to determine whether the trial court erred in refusing to open the peremptory judgment, this court must look to the law which governs mandamus actions. *Id.*

A peremptory judgment in a mandamus action is appropriately entered only where there exists no genuine issue of fact, and where the case is free and clear from doubt. *Shaler Area School District v. Salakas*, 494 Pa. 630, 432 A.2d 165 (1981). The burden of demonstrating that no genuine issue of material fact exists and that one is entitled to judgment as a matter of law is on the moving party and the record must be examined in the light most favorable to the non-moving party. *Wolgemuth v. Kleinfel-*

*ter*, 63 Pa.Commonwealth Ct. 395, 437 A.2d 1329 (1981).

Mandamus is an extraordinary writ and is a remedy used to compel performance of a ministerial act or a mandatory duty. *Borough of Plum v. Tresco*, 146 Pa.Commonwealth Ct. 639, 606 A.2d 951 (1992). In order to prevail in an action for mandamus, there must be a clear legal right in the petitioner for performance of the ministerial act or mandatory duty, a corresponding duty in the respondent to perform the ministerial act or mandatory duty, and no other appropriate remedy available. *Equitable Gas Co. v. City of Pittsburgh*, 507 Pa. 53, 488 A.2d 270 (1985).

On appeal, the school district raises the following issues:

1. Whether section 2124 of the Public School Code of 1949 does not prohibit the board of education from promoting its clerical employees in the school controller's office without the favorable recommendation of the school controller; and

2. Whether section 514 of the Public School Code of 1949, 24 P.S. § 5–514, provides the school controller an adequate remedy at law which precludes relief in mandamus.

## I. SECTION 2124 OF THE PUBLIC SCHOOL CODE OF 1949

First, the school district argues that section 2124 does not apply to promotions and does not grant the school controller any role with respect to promotions. The school district contends that once an appointee becomes a school district employee, the employment relationship is subject to and governed by a collective bargaining agreement and that the school district, as employer, is then

tion of Auditor III was a violation of the collective bargaining agreement through the grievance procedures set forth within the collective bargaining agreement. If it is determined in the grievance proceedings that Mr. Romano is entitled to occupy this position, the school controller will accept this ruling.

5. In addition, the trial court stated in its order that the order did not bar the union from filing a grievance under the applicable collective bargaining agreement, alleging that the failure of the

school controller to recommend Mr. Romano for the position of Auditor III was a violation of the collective bargaining agreement between the union and the school district.

6. The union filed a joinder in defendants' petition to open and/or strike judgment pursuant to Pa. R.C.P. No. 1098. The trial court denied the union's petition to open and/or strike the peremptory judgment by order of October 20, 1994.

legally and contractually liable if promotions are not carried out in compliance with the collective bargaining agreement.

The school district contends that the General Assembly has, in other sections of the Public School Code of 1949, distinguished between appointments and promotions. Therefore, the school district argues, to read the plain language of section 2124 to apply to promotions would require the court to engraft additional verbiage upon it.

■ When interpreting the meaning of statutory language, this court's first inquiry is to ascertain the primary purpose of the statute in question. *Hatfield v. Continental Imports, Inc.,* 530 Pa. 551, 610 A.2d 446 (1992). When the words of a statute are clear and free from all ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. The Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). Where the words of a statute are not explicit or unclear, then and only then, may a court embark upon the task of ascertaining the intent of the General Assembly by reviewing the necessity of the statute, the object to be obtained, circumstances under which the statute was enacted and the mischief to be remedied and other considerations guiding judicial review of statutes in the attempt to identify the legislative intent. *Coretsky v. Board of Commissioners,* 520 Pa. 513, 555 A.2d 72 (1989); 1 Pa.C.S. § 1921(c)(1–8).

■ We presume the General Assembly did not intend a result which is absurd or unreasonable, and words and phrases used in a statute are construed according to their common meaning and accepted usage, although technical words and phrases are construed according to their peculiar and appropriate meaning or definition. *Doyle Equipment Co. v. Commonwealth,* 117 Pa.Commonwealth Ct. 38, 542 A.2d 644 (1988); 1 Pa.C.S. §§ 1903, 1922(1). We also presume that the General assembly intends the entire statute to be effective and certain. *Doyle Equipment;* 1 Pa.C.S. § 1922(2).

Section 2124 expressly provides for the employment of clerks in the school controller's office in order to assist the school controller in the performance of his duties. The plain language provides that the board of public education shall appoint upon the recommendation of the school controller such clerks as the school controller deems necessary to assist him in the performance of his duties. Section 2124 further provides that all such appointments shall be made upon the recommendation of the school controller. Therefore, section 2124 makes no explicit distinction between appointments and promotions. Accordingly, this court may look at other factors to determine the intent of section 2124.

The trial court determined that the necessity for section 2124 was based upon the school controller rather than the board of public education having a greater interest in the office of the school controller being staffed with clerks who are competent and independent. The school controller, the trial court pointed out, has the statutory mandate to audit the school district and the clerks are in a sense in an adversary position with the entity which they are auditing. We agree and in order to comply with the intent of and to give effect to the language of section 2124, we believe that section 2124 applies to promotions.

While the school district points to other provisions of the Public School Code of 1949 which expressly use the term "promotion", the school district does not direct this court to a provision of the law which requires that the clerical positions in the office of school controller be filled through promotion. Therefore, there is no statutory support for the proposition that a distinction exists between appointments and promotions in section 2124.

Further, our Supreme Court has previously held, in interpreting provisions of the predecessor school code to the current Public School Code of 1949, that the term "appointment" encompasses promotions. In *Pittsburgh School District Appeal,* 356 Pa. 282, 286–87, 52 A.2d 17, 19 (1947), the Supreme Court pointed out that section 403 of the School Code of May 18, 1911, P.L. 309, for-

merly 24 P.S. § 334,[7] specifically governed the appointment and dismissal of teachers but that nothing was expressly said in regard to promotions. However, the Supreme Court stated that "a *promotion* is really a surrender of one position and an *appointment* to a higher one;" therefore, promotions were included in section 403. (Emphasis in original.)

Accordingly, we hold that section 2124 applies to promotions as well as appointments.

Second, the school district argues the board of public education may promote its clerical employees in the office of the school controller without the favorable recommendation of the school controller, because the school controller's recommendation pursuant to section 2124 is advisory only and not binding. In support of this contention the school district sets forth several arguments only one of which need be addressed.

The school district points out that section 2121 of the Public School Code of 1949, which governs the appointment of a deputy school controller, contains mandatory language that "[t]he board of public education shall appoint as deputy school controller the candidate recommended by the school controller...." The school district contends, since the General Assembly omitted the same type of mandatory language from section 2124, the board of public education does not have to select the candidate recommended by the school controller for a position as a clerk in the office of the school controller. Section 2124, the school district argues, only gives the school controller the right to make a favorable or unfavorable recommendation and only prevents the board of public education from appointing a clerk without first having given the school controller the opportunity to make a recommendation. We disagree.

▆▆▆ The plain language of section 2124 states that "[a]ll such appointments shall be made upon the recommendation of the school controller...." 24 P.S. § 21–2124. The word "shall" in a statute is generally considered mandatory or imperative, not permissive. *Wilkes–Barre Area Vocational School v. Greater Nanticoke Area School District,*

115 Pa.Commonwealth Ct. 73, 539 A.2d 902 (1988).

With respect to the school district's reliance on the language of section 2121, as pointed out by the trial court, the General Assembly is simply imposing the same requirements on the board of public education through slightly different language. The fact that identical language was not used is not a basis for disregarding words that are clear and free from all ambiguity.

The trial court correctly noted that there is a reason why sections 2121 and 2124 do not use the identical language. Section 2121 authorizes the board of public education to elect a deputy school controller in the event that the school controller does not exercise the option of recommending for appointment a deputy school controller. Section 2121 provides that the school controller "may recommend to the board of public education for appointment as deputy school controller." Section 2124, on the other hand, does not authorize the board of public education to make any appointments without the school controller's recommendation.

## II. SECTION 514 OF THE PUBLIC SCHOOL CODE OF 1949

▆▆▆ The school district contends that section 514 of the Public School Code of 1949 provides the school controller an adequate remedy at law which precludes relief in mandamus. Section 514, which is found in Article V of the Public School Code of 1949, Duties and Powers of Boards of School Directors, provides, in part, that:

The board of school directors in any school district ... shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employes, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct.

24 P.S. § 5–514.

The school district contends that the school controller was required to invoke section 514

**7.** Repealed by section 2701 of the Act of March 10, 1949, P.L. 30.

to seek the removal of Mr. Romano from the Auditor III position. We disagree.

First, it is clear that section 514 applies to actions by school boards, not the school controller, to remove any of its officers, employes or appointees. Second, it is clear that section 514 enables school boards to remove an employee for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth or other improper conduct. Therefore, section 514 governs a removal when an employee's own affirmative actions create the basis for the removal. It does not govern the removal of an employee from a position to which the employee was improperly appointed by a school board in the first place.

Therefore, we hold that the school controller herein did not have an adequate remedy at law pursuant to section 514 of the Public School Code of 1949; therefore, mandamus was an appropriate remedy in this case.

Accordingly, the order of the trial court denying the school district's motion to open and/or strike the peremptory judgment is affirmed.

### ORDER

NOW, this 9th day of June, 1995, the order of the Court of Common Pleas of Allegheny County, dated October 19, 1994, at No. GD 93–19333, is affirmed.

PELLEGRINI, J., did not participate in the decision in this case.