Marlene M. THAYER,

v.

LINCOLN BOROUGH, Mayor Florence Swantack, Council Members William K. Kiger, II, Charles W. Byers, Catherine L. Burchell, Nick Vay, Steve L. Kadar, Kimberly Thayer and Ronald A. Rosche, Appellants.

Josephine M. GABAUER,

v.

LINCOLN BOROUGH, Mayor Florence Swantack, Council Members William K. Kiger, II, Charles W. Byers, Catherine L. Burchell, Nick Vay, Steve L. Kadar, Kimberly Thayer and Ronald A. Rosche, Appellants.

Commonwealth Court of Pennsylvania.

Argued Nov. 21, 1996.

Decided Jan. 7, 1997.

**1196**

Falco A. Muscante, Pittsburgh, for appellants.

Mark R. Tamilia, Pittsburgh, for appellees.

Before KELLEY and LEADBETTER, JJ., and NARICK, Senior Judge.

LEADBETTER, Judge.

Lincoln Borough, its Mayor and council members (Borough) appeal from the orders of the Court of Common Pleas of Allegheny County which granted the mandamus petitions of Marlene M. Thayer and Josephine M. Gabauer and decreed that they be admin-

1. Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. § 46005.

2. Act of June 3, 1937, P.L. 1333, No. 903, *as amended*, 25 P.S. § 2863.

istered oaths of office for the positions of elected auditor of Lincoln Borough. The question presented is whether the lower court abused its discretion by granting the relief sought despite the enactment of Ordinance No. 87–04 which abolished the positions of elected auditor pursuant to section 1005 of the Borough Code.[1]

On December 24, 1987, Lincoln Borough Council adopted Ordinance No. 87–04 which authorized the appointment of an independent auditor and abolished the positions of elected auditor. Despite this, on January 16, 1995, the Borough, via its solicitor, certified to the Allegheny County Board of Elections, pursuant to section 903 of the Pennsylvania Election Code,[2] that two vacant auditor positions in Lincoln Borough existed and should be placed on the primary ballot.[3] Subsequently, on November 7, 1995, in the general election, appellees were elected to these positions, and on November 27, the Board of Elections issued Certificates of Election to both candidates. On January 2, 1996, when appellees presented themselves for administration of their oaths of office, Borough officials refused to administer the oaths because the positions had been abolished in 1987.

Appellees responded by filing identical mandamus actions, claiming that the Borough improperly refused to swear them in as auditors. Following a hearing on March 4, 1996, the court of common pleas granted the two mandamus petitions and entered peremptory judgment in favor of appellees. The Borough filed timely petitions to open the peremptory judgments which the court denied on March 13, 1996. These appeals followed.

■ Where a party appeals a denial of its petition to open a peremptory judgment, our scope of review is limited to determining whether the lower court abused its discretion. *Washowich v. McKeesport Mun. Water Auth.*, 94 Pa.Cmwlth. 509, 503 A.2d 1084, 1085 (1986). This will only be found if a

3. *Thayer v. Lincoln Borough*, (No. GD 96–1919, filed May 9, 1996), slip op. at 4; *Gabauer v. Lincoln Borough*, (No. GD 96–1921, filed May 9, 1996), slip op. at 4.

party can show good cause for opening the judgment. *Id.*, 503 A.2d at 1086.

■ In a mandamus action, Rule 1098 of the Pennsylvania Rules of Civil Procedure permits a court to enter peremptory judgment at any time after the filing of the complaint if the right of the plaintiff is clear. *City of Greensburg v. Cooper,* 14 Pa.Cmwlth. 419, 322 A.2d 152, 155 (1974). In granting a motion for peremptory judgment under rule 1098, courts use the same standard which governs the disposition of a motion for summary judgment under Rules 1035.1—1035.5 of the Pennsylvania Rules of Civil Procedure.[4] *Washowich,* 503 A.2d at 1086. Thus, courts consider both the record actually presented and the potential record at the time of trial. *Id.* · A judgment will be entered only in the clearest of cases where there is no doubt as to the absence of material fact. *Id.* The burden of demonstrating that there is no dispute as to a material fact is on the moving party, and the record must be examined in the light most favorable to the nonmoving party. *Id.*

■ Initially, the Borough contends that the grant of peremptory judgment was inappropriate because issues of material fact existed. We disagree. The Borough argues that whether the position of elected auditor has been abolished is a disputed material fact because appellees alleged in their complaints that the position of auditor was not legislated out of existence by resolution of the Borough council. To the contrary, the trial court judicially noticed that the Borough enacted Ordinance No. 87–04, which clearly abolished the office of elected Borough auditor, and the arguments of counsel make clear that there is no dispute on this point. The Borough also claims that allegations in the complaints that "auditors' positions have been filled by the electorate since the alleged enactment of Ordinance No. 87–04" create a dispute as to a material fact. We disagree. Whether others have been elected to the auditors' positions is immaterial to determining the legal rights of appellees. Therefore, the lower court correctly determined that no material facts were in dispute.

■ We must next determine whether the entry of peremptory judgment was based upon a misapplication or misinterpretation of the law. *See Washowich,* 503 A.2d at 1086. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b); *see also Allegheny County Inst. Dist. v. Department of Pub. Welfare,* 668 A.2d 252 (Pa.Cmwlth. 1995). The Borough contends that Ordinance No. 87–04, enacted pursuant to the clear and unambiguous language of section 1005 of the Borough Code, abolished the position of elected auditor. Section 1005, in pertinent part, states: ·

The council of the borough shall have power:

. . . .

(7) To provide by ordinance passed by a two-thirds vote of the entire number of councilmen elected, for the appointment of an independent auditor.... Where such an ordinance has been so adopted, an independent auditor shall be appointed, annually, by resolution before the close of a fiscal year, to make an independent examination of the accounting records of the borough for such fiscal year and such independent auditor shall also perform the other duties and exercise the powers as conferred upon him.... *When an independent auditor is appointed as herein provided, the office of elected borough auditor or controller, as the case may be, is thereby abolished* although the borough auditors, or controller, then in office shall continue to hold their office during the term for which elected and the borough auditors or controller shall not audit, settle, or adjust the accounts audited by such independent auditor but shall perform the other duties of their office.

Whenever any borough has provided by ordinance for the audit of its accounts by an appointed auditor, the borough shall have the right at any time to repeal said

---

4. Rules 1035.1—1035.5 became effective on July 1, 1996, replacing former Rule 1035 which was in effect at the time this matter was heard in the Court of Common Pleas. The changes effected by the 1996 amendment are not material to the issues presented here.

ordinance, and thereupon the office of appointed auditor shall be abolished, as of the date set in such ordinance and said borough shall have the further right at the next municipal election following the repeal of said ordinance to elect three auditors, one for a term of two years, one for a term of four years, and one for a term of six years.

53 P.S. § 46005 (emphasis added).

The trial court, after acknowledging the existence of the above section of the Borough Code, determined that giving effect to its clear language in this case would violate provisions of the Pennsylvania Election Code.[5] Pursuant to sections 903 and 904 of the Election Code, the solicitor of Lincoln Borough certified that two elected positions for auditor should be placed on the ballot. Because this set in motion the machinery of the election process, the trial court concluded that appellees' elections represented the will of the electorate[6] and ordered that appellees be sworn in as auditors. We agree that due to the strong policy in favor of protecting the elective franchise, the Election Code should be liberally construed so as not to deprive the voters of their right to elect the candidate of their choice. *Petition of Cioppa,* 533 Pa. 564, 568–69, 626 A.2d 146, 148 (1993). Nonetheless, even the most expansive reading of the Election Code does not permit election of a candidate to an office which does not exist. Further, neither the letter nor the spirit of the Election Code authorizes a clerk, secretary, or borough solicitor to create such an office (or unilaterally reinstate an office that has been legislatively abolished) by sending a notice to the county election board that it is to be placed on the ballot.

In construing legislation, courts must presume that the legislature does not intend a result that is absurd, impossible of execution or unreasonable. 1 Pa.C.S. § 1922(1). *Pelter v. Department of Transportation, Bureau of Driver Licensing,* 663 A.2d 844, 848 (Pa. Cmwlth.1995). We find that the lower court's interpretation is unreasonable in light of the clear mandate of the legislature in adopting section 1005 of the Borough Code.

Accordingly, we vacate the orders of the court of common pleas and remand for proceedings consistent with this opinion.

### ORDER

AND NOW, this 7th day of January, 1997, the orders of the Court of Common Pleas of Allegheny County denying the motions to open are reversed, the orders granting peremptory judgment are vacated, and the cases are remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.

---

5. Section 903 provides in pertinent part that:
   It shall be the duty of each county board of elections, prior to each primary, to ascertain the various public offices in said county and in the cities, boroughs, towns, townships, wards, school districts, poor districts and election districts thereof, to be filled at the ensuing November election, and for which candidates are to be nominated at such primary, and otherwise, in accordance with the provisions of this act.
   25 P.S. § 2863
   Section 904 provides in pertinent part that:
   [I]t shall be the duty of the clerks or secretaries of the various cities, boroughs, towns, town-

ships and school districts, with the advice of their respective solicitors, on or before the thirteenth Tuesday preceding the Municipal primary, to send to the county boards of their respective counties a written notice setting forth all city, borough, town, township and school district offices to be filled in their respective subdivisions at the ensuing municipal election. . . .
   25 P.S. § 2864.

6. The appellees were elected by one write-in vote each.