# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Senator Joseph B. Scarnati and Senator   :
Gene Yaw,   :
           Petitioners   :
   :
      v.   :   No. 186 M.D. 2019
   :   Argued:  September 9, 2019
The Commonwealth of Pennsylvania,   :
Department of Environmental Protection   :
and The Pennsylvania Environmental   :
Quality Board,   :
           Respondents   :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ROBERT SIMPSON, Senior Judge

**OPINION**
**BY SENIOR JUDGE SIMPSON**       **FILED:  November 12, 2019**

Pennsylvania State Senators Joseph B. Scarnati and Gene Yaw, (collectively, Senators) filed a petition for review in the nature of mandamus (Petition) in our original jurisdiction, seeking to compel the Environmental Quality Board (EQB) to promulgate proposed regulations under Section 6 of Act 40, Section 1920-A(j) of The Administrative Code of 1929, 71 P.S. §510-20(j) (Act 40).[1]  Senators also sued the Department of Environmental Protection (DEP).  Before us are Senators' application for peremptory judgment and the preliminary objections jointly filed by the EQB and DEP (collectively, Commonwealth Respondents), challenging Senators' standing, and arguing that the Petition fails to state a claim against DEP, and that it fails to state a claim in mandamus.  Because Senators lack standing to pursue mandamus relief, we dismiss their petition, and we deny their application for peremptory judgment.

---

[1] Act of April 9, 1929, P.L. 177, as amended, added by the Act of October 30, 2017, P.L. 177, 71 P.S. §§51–726.

# I. Background

Act 40 tasked the EQB with regulating water quality criteria for manganese. Specifically, it states:

> The [EQB] shall promulgate regulations under the "Clean Streams Law," [(CSL)[2]] or other laws of this Commonwealth that require that the water quality criteria for manganese established under 25 Pa. Code Ch. 93 (relating to water quality standards) shall be met, consistent with the exception in 25 Pa. Code §96.3(d) (relating to water quality protection requirements). <u>Within ninety days</u> of [October 30, 2017], the [EQB] shall promulgate proposed regulations.

71 P.S. §510-20(j) (emphasis added). The EQB did not meet the deadline. But, two days before the deadline, on January 27, 2018, *DEP* initiated an advance notice of proposed rulemaking to gather information related to the task, 48 Pa. B. 605 (Notice). To date, the EQB has not promulgated proposed regulations.[3]

## A. Parties

Senators are duly-elected members of the Pennsylvania General Assembly who claim legislative standing. Senator Scarnati represents the 25th Senatorial District and serves as President *Pro Tempore* of the Senate. In that capacity, as the sole constitutional officer, Senator Scarnati has power and authority over legislative internal affairs, including the rules of the Senate.

---

[2] Act of July 31, 1970, P.L. 653, <u>as</u> <u>amended</u>, 35 P.S. §§691.1-691.1001.

[3] However, DEP recently alerted this Court to its intention to propose rulemaking through the EQB in the Governor's Office's Semi-Annual Regulatory Agenda published in the Pennsylvania Bulletin. <u>See</u> 49 Pa. B. 4181, 4187 (Aug. 10, 2019).

Senator Yaw represents the 23rd Senatorial District, and he is the Republican Chairman of the Senate Environmental Resources and Energy Committee, which has limited oversight of DEP. Senator Yaw is also an appointed member of the EQB.

Commonwealth Respondents are agencies in the executive branch that exercise regulatory and enforcement authority over environmental issues as delegated by the legislature. The EQB is a rulemaking body entrusted with decisions regarding Pennsylvania's natural resources. The 20-member EQB consists of the Secretary of DEP as Chair, secretaries of other agencies and commissions, five members of the Citizens Advisory Council, and four members of the General Assembly, appointed by leaders of that body. Its duties include developing a master environmental plan for the Commonwealth, adopting and promulgating rules and regulations necessary to effectuate environmental change, and advising DEP on policy matters. DEP is a Commonwealth agency tasked with implementing and enforcing environmental laws, including regulations promulgated by the EQB.

### B. Procedural History

On March 29, 2019, approximately 14 months after the date set forth in Act 40, Senators filed their Petition seeking mandamus relief, invoking this Court's original jurisdiction. Senators subsequently verified their Petition in April.

Prior to the due date for a response to the Petition, on April 23, 2019, Senators filed an application for relief seeking peremptory judgment pursuant to Pa. R.C.P. No. 1098. Commonwealth Respondents filed a timely response in which

3

they explained the intertwined nature of DEP's and the EQB's role in promulgating regulations that comport with legal requirements, the existing regulatory framework and environmental policy. Both parties filed briefs arguing their respective positions on the application.

With their response to the application for peremptory judgment, DEP and the EQB filed joint, unverified preliminary objections to the Petition. Although the preliminary objections included a notice to plead, Senators did not amend their Petition or otherwise respond to the preliminary objections. Both parties timely filed briefs in support of their respective positions on the preliminary objections.

**C. Pleadings**

Senators assert one claim for mandamus relief. Notably, the Petition identifies only the EQB as the "Government Unit Whose Actions Are In Issue." Pet., IV. at 3. Further, the Petition states "[Senators] are challenging the EQB's failure to promulgate proposed regulations under the [CSL] related to water quality standards for manganese as required by Act 40 of 2017." Pet., ¶12. Senators allege they "are entitled to an order in mandamus requiring the EQB to perform its duties, as directed under Section 6 of [Act 40], and promulgate proposed regulations under the [CSL] related to water quality standards for manganese." Pet., ¶22.

Senators allege Act 40 imposes a mandatory duty on the EQB to issue proposed regulations within 90 days, which the EQB violated. They allege standing to protect this right in promulgation as Senator Scarnati is a legislator who voted to

4

pass Act 40 and Senator Yaw is a committee member and an appointed member of the EQB. Senators also allege they lack any other adequate remedy. Pet., ¶29.

In their preliminary objections, Commonwealth Respondents challenge Senators' standing as legislators whose interest does not surpass that of a general interest in compliance with the law. They also argue the Petition is legally insufficient to state a claim against DEP or to state a claim for mandamus relief. Commonwealth Respondents assert that Senators do not establish either the clear right to relief or a mandatory duty, particularly any duty imposed on DEP. They contend the timing of proposed rule promulgation is not mandatory, but rather directory. Because Act 40 states the regulations must be consistent with the CSL and other laws, they emphasize that information gathering and deliberation are crucial steps to drafting compliant regulations.

### D. Application for Peremptory Judgment

Senators posit that their mandamus claim presents a pure matter of law, that Act 40 mandated the EQB to promulgate proposed regulations by a date certain. As there is no dispute that the EQB did not do so, Senators assert their entitlement to judgment is clear. Because compliance with Act 40 is important, Senators also contend judgment should be entered expeditiously. They also ask this Court to retain jurisdiction.

Commonwealth Respondents respond that Senators are not entitled to peremptory judgment because there are disputes of material fact. They reiterate that the timing of proposed rule promulgation is directory only, such that it does not

impose a mandatory duty on the EQB. Further, they underscore that Act 40 imposes no duty on DEP. Commonwealth Respondents maintain Senators did not meet their burden to establish either a clear right to relief or that the duty is mandatory when the record is reviewed in their favor as the non-moving parties.

## II. Discussion

Senators argue their right to mandamus relief is clear because Act 40 imposed a deadline for promulgating proposed regulations, which the EQB ignored. They maintain the construction of Act 40 presents a pure question of law.

Commonwealth Respondents counter that information gathering and consultation is required by the other general statutes and regulations to which they are subject, including the Commonwealth Documents Law,[4] the Commonwealth Attorneys Act,[5] the Regulatory Review Act,[6] and The Administrative Code. Because Act 40 did not suspend those laws, the 90-day timeframe placed the EQB in an untenable position. They emphasize that the EQB's regulatory action must be consistent with the CSL and other laws that may set a different level of manganese, and it is unclear whether the current numeric criterion for manganese in 25 Pa. Code §93.7 should be used. In addition, DEP asks to be dismissed from the case because Act 40 imposes no duty on it, and Senators identify none in the Petition.

---

[4] Act of July 31, 1968, P.L. 769, as amended, 45 P.S. §§1102–1602, and 45 Pa. C.S. §§501-907.

[5] Act of October 15, 1980, P.L. 950, as amended, 71 P.S. §§732-101–732-506.

[6] Act of June 25, 1982, P.L. 633, as amended, 71 P.S. §§745.1–745.15.

6

Before us, in our original jurisdiction, are preliminary objections to the Petition, on which Commonwealth Respondents bear the burden, and the Application in which Senators bear the burden of showing their entitlement to peremptory judgment. We consider the preliminary objections first.

## A. Preliminary Objections

Our review of preliminary objections is limited to the pleadings and proper attachments. Pa. State Lodge, Fraternal Order of Police v. Dep't of Conservation & Nat. Res., 909 A.2d 413 (Pa. Cmwlth. 2006), aff'd, 924 A.2d 1203 (Pa. 2007). Preliminary objections are deemed to admit all well-pled material facts and any inferences reasonably deduced therefrom. Thomas v. Corbett, 90 A.3d 789 (Pa. Cmwlth. 2014). This Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion within a petition for review. Id.

In their preliminary objections, Commonwealth Respondents challenge Senators' standing and assert a demurrer to the mandamus claim. As a threshold issue, prior to judicial resolution, a petitioner must show he has standing to bring the action. Pittsburgh Palisades Park, LLC v. Com., 888 A.2d 655 (Pa. 2005). Primarily, Senators claim standing in their capacity as legislators.[7]

"Standing for legislators claiming an institutional injury is no different than traditional standing …." Markham v. Wolf, 136 A.3d 134, 140 (Pa. 2016) (holding no special category of legislative standing). Under traditional standing, a

---

[7] Although their brief alludes to Senator Yaw's standing as a Board member of the EQB, at argument, Senators focused exclusively on legislative standing.

7

party must be aggrieved by the matter he challenges. <u>Wm. Penn Parking Garage, Inc. v. City of Pittsburgh</u>, 346 A.2d 269 (Pa. 1975) (plurality). To establish aggrievement, a party must show an interest that is substantial, direct and immediate. <u>Id.</u> A substantial interest means the party suffers a discernible adverse effect to an interest other than the interest of all citizens in compliance with the law. <u>Id.</u> A direct interest means the party shows the matter complained of caused harm to his interest. <u>Id.</u> Lastly, relating to the causal connection, the party must show the interest is immediate and not a remote consequence of the matter complained of. <u>Id.</u>

Our Supreme Court explained a legislator has standing in his legislative capacity in limited circumstances. <u>Markham</u>. It reasoned: "Standing exists only when a <u>legislator's</u> direct and substantial <u>interest</u> in his or her ability to participate <u>in the voting process</u> is negatively impacted, <u>or</u> when he or she has suffered a concrete impairment or <u>deprivation of an official power or authority to act as a legislator</u>." <u>Markham</u>, 136 A.3d at 145 (emphasis added) (citations omitted). "These are injuries personal to the legislator, <u>as a legislator</u>." <u>Id.</u> (emphasis added); <u>see</u>, <u>e.g.</u>, <u>Fumo v. City of Phila.</u>, 972 A.2d 487 (Pa. 2009) (standing proper when petitioners alleged usurpation of legislators' authority to vote on licensing); <u>Zemprelli v. Daniels</u>, 436 A.2d 1165 (Pa. 1981) (recognized senators may be aggrieved by dilution of their votes). An action that impacts the manner in which their official business is conducted provides an interest that surpasses that of the general public in requiring compliance with law. <u>Fumo</u>.

However, a legislator lacks standing where the interest involves conduct outside the legislative forum, unrelated to the voting or approval process. <u>See</u>

8

Brouillette v. Wolf, 213 A.3d 341 (Pa. Cmwlth. 2019) (en banc) (representative lacked standing when no injury asserted that was personal to his representative capacity as a legislator); see also Sunoco Pipeline L.P. v. Dinniman & Pub. Util. Comm'n, __ A.3d __ (Pa. Cmwlth., No. 1169 C.D. 2018, filed Sept. 9, 2019) (remanding because state senator lacked standing as complainant).

Senators do not identify any direct interest beyond that of the common citizen in compliance with Act 40. They do not allege that the EQB's failure to promulgate proposed regulations within the timeframe impaired their authority to legislate or to vote on legislation. Act 40 does not involve internal affairs of the Senate or otherwise impact the exercise or effect of legislative power. As a result, Senators lack standing in their capacity as legislators. Brouillette.

Because Senators lack standing solely on their legislative capacity, and they did not allege sufficient facts to show Senator Yaw has a direct and immediate interest as a member of the EQB,[8] we sustain Commonwealth Respondents' objection to standing, and we dismiss the Petition on that basis.[9]

---

[8] Although Senator Yaw is a legislatively appointed member of the EQB, the Petition did not allege a specific interest related to that capacity or in the timely proposal of proposed regulations that is both direct and immediate.

[9] Although a full discussion is unnecessary given our disposition, in consideration of a possible appeal we briefly address Commonwealth Respondents' alternate preliminary objections. As to misjoinder of DEP, they argue the Petition alleges no duty that DEP failed to perform. However, in their unverified preliminary objections, DEP represents that it is an indispensable part of the regulatory process. Although DEP is not named in Act 40, it acknowledges that the EQB relies on DEP for technical assistance with the regulations. See Resp'ts' Br. in Opp'n to Peremptory J. at 5; Prelim. Obj., ¶11 ("The EQB … relies on DEP's technical expertise to formulate its rulemakings."). Also, Commonwealth Respondents cite DEP's Notice as a timely response to the directive in Act 40 to promulgate proposed regulations within the 90-day timeframe. See Prelim.

9

## B. Peremptory Judgment

Senators also seek peremptory judgment pursuant to Pa. R.C.P. No. 1098, predicated upon their mandamus claim.[10]  Because Senators lack standing, their application for peremptory judgment is moot.

## III. Conclusion

Because Senators lack standing, we sustain Commonwealth Respondents' preliminary objection and dismiss the petition on that basis.  For the

---

Obj., ¶12, Ex. A (Notice issued January 28, 2018).  Thus, the failure to plead allegations as to DEP's role in developing proposed regulations is an amendable defect.

Commonwealth Respondents contend that a mandamus action may not be maintained because the Petition does not plead a clear right in light of the competing legal obligations imposed on the EQB, and it does not set forth a mandatory duty, particularly the timing component of Act 40.  "Mandamus is an extraordinary remedy 'designed to compel the performance of a ministerial act or mandatory duty, as opposed to a discretionary act.'" Funk v. Wolf, 144 A.3d 228, 248 (Pa. Cmwlth. 2016) (citations omitted).  When a duty is directory as opposed to mandatory, then it is not the proper basis for a mandamus action.  Womack v. Workers' Comp. Appeal Bd. (Sch. Dist. of Phila.), 83 A.3d 1139 (Pa. Cmwlth. 2014).  A time period in a statute is mandatory where it is "essential to the statutory purpose or where the statute itself indicates that performance within the time period is mandatory." Id. at 1144.  However, use of the word "shall" is directory when the statute operates regardless of whether the purported mandate is followed.

Here, Senators did not argue that Act 40 is a nullity absent the EQB's promulgation of proposed regulations within 90 days, and the statute itself does not indicate the 90-day timeframe is essential.  Thus, the 90-day timeframe in Act 40 is directory only.  As such, the EQB's non-compliance with that timeframe is an improper basis for Senators' mandamus claim.  Id.

[10] To obtain peremptory judgment, in addition to showing the elements for mandamus relief, the moving party must show that on the facts of record, and those facts that may be developed at trial, the right to judgment is clear.  Thayer v. Lincoln Borough, 687 A.2d 1195 (Pa. Cmwlth. 1997).  Further, this Court must examine the existing and potential record in the light most favorable to the non-moving party.  Washowich v. McKeesport Mun. Water Auth., 503 A.2d 1084 (Pa. Cmwlth. 1986).

same reasons, we dismiss as moot Senators' application for peremptory judgment.

_____
ROBERT SIMPSON, Senior Judge

Judge Fizzano Cannon did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Senator Joseph B. Scarnati and Senator
Gene Yaw,

            Petitioners

            v.

The Commonwealth of Pennsylvania,
Department of Environmental Protection
and The Pennsylvania Environmental
Quality Board,

            Respondents

:
:
:
:
:
:
:
:
:
:
:
:
:

No. 186 M.D. 2019

## O R D E R

**AND NOW**, this 12th day of November 2019, the preliminary objections filed by Respondents are **SUSTAINED**, and Petitioners' petition for review is **DISMISSED** because Petitioners lack standing.  Accordingly, the application for peremptory judgment is **DISMISSED AS MOOT**.

**AND FURTHER**, Respondents' application for relief seeking judicial notice is **DISMISSED AS MOOT**.

_____
ROBERT SIMPSON, Senior Judge